CITY OF CINCINNATI, APPELLEE, *v.* DOWLING, APPELLANT.

(No. C-860400—Decided May 13, 1987.)

*Richard A. Castellini,* city solicitor, *Paul J. Gorman* and *Kevin O. Donovan,* for appellee.

*Donald C. Dowling, Jr., pro se.*

*Per Curiam.* This cause came on to be heard upon the appeal from the Hamilton County Municipal Court.

On January 15, 1986, the appellant, Donald C. Dowling, Jr., was issued a citation for speeding pursuant to Cincinnati Municipal Code Section 506-8. Upon trial without intervention of a jury, the appellant was found guilty on May 7, 1986, and was sentenced in accordance with the ordinance.

The single assignment of error is that the court committed reversible error by judicially noticing the reliability of K-55 radar. The appendant query given us by the appellant is whether a criminal court may base a guilty verdict on its judicial notice of a reading by a mechanical device when the record in the case fails to demonstrate that the court, or any court theretofore, weighed expert testimony on the reliability of the device.

It is uncontroverted from the record that on the morning of January 15, 1986, a Cincinnati police officer with twenty-nine years of service, fifteen of which had been spent operating radar units on a daily basis, was on patrol in a marked police car equipped with a K-55 radar unit which he had calibrated with tuning forks about an hour before he went on station at a location within the city of Cincinnati. As the officer proceeded in a westward direction on the public thoroughfare, he observed an automobile approaching him at what he testified was a high rate of speed. The posted speed limit at the point at which the observation was made was forty miles per hour. The officer testified further that no other vehicle was between his car and the car he observed, that the K-55 radar unit, one which is "moving radar" which operates on the "Doppler system,"[1] emitted a "high shrill pitch" and that he "got a reading of 60 miles per hour." He expressed the opinion, based on his experience of patrolling that area for eleven years and his observations of the motor vehicle in this case, that the car's speed was unreasonable because of the number of intersecting streets and the residential character of the neighborhood.

Immediately upon making his observation and noting the speed of the oncoming car, the officer made a U-turn, activated the lights on the roof of the police vehicle and pursued the car for about a block. When it stopped in response to the officer's signal, the appellant was behind the wheel.

The appellant, a licensed attorney-at-law, at trial twice moved for acquittal on the ground that the prosecution had failed to prove, beyond a reasonable doubt, that he was "going over the speed limit." He also argued that the prosecution had failed to adduce evidence, through an expert, of the construction of the K-55 radar unit as the source of relevant evidence in the prosecution of a speeding offense, and that absent the evidence of speed calculated by this particular K-55 unit, the prosecution had failed to maintain its burden of proof.

In this court, the prosecution argues that the trial court was authorized to admit the reading produced by the K-55 unit as evidence by our holdings in *In re Gallagher* (Oct. 3, 1979), Hamilton App. No. C-780750, unreported. Such reliance by the city is misplaced.

Clearly, we were considering the operation of a *stationary* K-55 radar unit in deciding *In re Gallagher, supra.* Although its stationary, as opposed to

---

[1] The Doppler effect, a phenomenon noted by the Austrian physicist Christian J. Doppler, is defined as being a change in the frequency of waves (as of sound or light) which occurs when the source and the observer are in motion with respect to each other. The frequency increases or decreases according to the speed at which the distance between the source and observer is decreasing or increasing.

moving, character was not noted expressly, the K-55 unit in that case was stationary by implication because we held the case to be analogous to *East Cleveland* v. *Ferell* (1958), 168 Ohio St. 298, 7 O.O. 2d 6, 154 N.E. 2d 630, a case in which the radar device was set up in a stationary position beside the highway. Counsel have not cited us to a case in which this court has considered the construction and operation of a moving radar device, and our independent research has failed to reveal any such precedent in this jurisdiction.

In the case *sub judice,* the trial jurist agreed with the appellant's contention that no person can be convicted solely upon the evidence derived from the operation of a moving K-55 radar device but noted expressly that this case did not present that precise issue.

The jurist, before announcing his finding of guilt, analyzed the case in this fashion:

"Mr. Dowling indicated he believes his vehicle was going approximately the speed limit. He's told me, as I suppose most of us would, that he's not real positive he was looking at the speedometer as he passed the policeman. But his feeling was, in general, he was driving approximately the speed limit; and I accept that as an honest answer, that he believed it to be.

"Officer Webb has testified that he observed the vehicle and found it to be exceeding the speed limit by his observation. From his testimony you wouldn't get the impression that he thought it was close. And secondly, he put a radar clock on it, which is hotly contested, as I understand this case, but the read out supported his earlier conclusion that the vehicle was exceeding the speed limit.

"So as between one person who's casually driving along minding his own business and a trained police officer who's been involved, as he testified, in thousands of arrests, who's concen-

trating and whose purpose is to observe traffic on Eastern, I think the policeman has a better view of it.

"And, although, I don't see this as a real credibility issue, I just think it's a question of his trained observation at the time verses [*sic*] someone else's who's got other things on his mind. So the finding is guilty."

Because the record demonstrates the existence of a body of substantial and probative evidence, separate from that derived from the operation of the K-55 radar device, sufficient to persuade a reasonable mind beyond a reasonable doubt that the appellant was guilty as charged in the citation, the finding of the court cannot be said to be either contrary to law or manifestly against the weight of the evidence. See *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132; *State* v. *Kegley* (Jan. 15, 1986), Hamilton App. No. C-850347, unreported.

The independent evidence, *viz.,* the police officer's testimony, having provided a proper fundament for the finding of guilt, the assignment of error is not well-taken.

The judgment of the Hamilton County Municipal Court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., SHANNON and BLACK, JJ., concur.