**The STATE of Ohio**

**v.**

**TRAINER.**█

Hamilton County Municipal Court, Ohio.

No. C95TRCO44268.

Decided Dec. 28, 1995.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, for plaintiff.

*Sirkin, Pinales, Mezibov & Schwartz* and *Martin S. Pinales,* for defendant.

TIMOTHY S. BLACK, Judge.

This traffic case presents the familiar scenario whereunder an officer of the law has cited a citizen for speeding as allegedly evidenced by the officer's observations and his use of a K–55 radar device. Faced with this potentially damning evidence, the defendant now complains that the sign posting the applicable speed limit fails to comply with the standards required by Ohio law. See R.C. 4511.11.

The facts stipulated to at trial reflect that the alleged speeding occurred in Hamilton County's Winton Woods Park, wherein, no doubt for aesthetic reasons, the park authorities have posted a tasteful sign in rustic format advising parkgoers of a speed limit of 25 MPH.

In defense to the instant charge, defendant James F. Trainer relies upon R.C. 4511.12, which states that "[n]o provision of such [traffic law] sections for which signs are required shall be enforced against an alleged offender if * * * an official sign is not in proper position and sufficiently legible to be seen by an ordinarily observant person."

As a matter of law, for a traffic sign to be "an official sign * * * in proper position," the traffic sign must comply with the requirements of the Ohio Manual of Uniform Traffic Control Devices for Streets and Highways as to design, size, and format. See R.C. 4511.09 and 4511.11(A) and (D); see, also, *Cincinnati v. Evers* (1993), 63 Ohio Misc.2d 220, 621 N.E.2d 905; *Mentor v. Mills* (July 22, 1988), Lake App. No. 12–269, unreported, 1988 WL 76764; *State v. Grillot* (1964), 2 Ohio App.2d 81, 31 O.O.2d 113, 206 N.E.2d 420.

Here, the park's tasteful speed limit sign simply does not comply with the requirements of Ohio law. Accordingly, this being a government of laws and not men or women, the court finds the defendant not guilty of speeding and orders him discharged.[1]

SO ORDERED.

*Judgment accordingly.*

---

1. The same result would emanate upon the evidence, the issue of the tasteful but inadequate signage aside. That is, although the parties stipulated that the officer recorded the defendant's alleged excessive speed by operating a K–55 radar device, the parties' stipulation does not reflect whether the radar device was stationary or moving. Given that no person can be convicted of speeding solely upon evidence derived from the operation of a moving K–55 radar device, the absence of proof here that the K–55 radar device was stationary is also fatal to the state's case. See *Cincinnati v. Dowling* (1987), 36 Ohio App.3d 198, 521 N.E.2d 1140.