On June 9, 1997, the Montgomery County Prosecutor's Office filed an order to show cause alleging contempt of court for Douglas Kidd's failure to pay child support. Douglas attended a hearing, with counsel, on the contempt matter. Judy Kidd did not attend the hearing, and the prosecutor's office appeared on her behalf in support of the contempt claim.
Douglas testified as to his income, expenses, job situation, assets, support payment history, and the reasons he was in arrears. Following the hearing, the magistrate issued a written order which found Douglas in contempt for failure to pay child support, and the law where appropriate in the best interests of the child. See Swanson v. Swanson, 109 Ohio App.3d 231;McEldowney v. Brinkman (Aug. 17, 1992), Miami App. No. 91-CA-69, unreported. Appellant also calls our attention to Inthe Matter of Siefker v. Siefker (Oct. 23, 1997). Putnam App. No. 12-97-09, unreported. In each of these cases, the court found compelling reasons to continue support in the best interests of the child, where a literal reading of the statute could call for termination.
Appellee points out that no motion has been filed to reinstate child support based upon Jason's reenrollment in high school. He opts for a plain reading of the statute and a conclusion, based upon the facts that the child has still not reenrolled in school, or demonstrated any move in that direction.
The trial court is presumed to have had access to the cases cited by the appellant at the time it exercised its discretion in ruling upon the motion to terminate. We cannot say that the decision is an abuse of discretion, upon the record facts of this case and the plain language of the statute. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
The first Assignment of Error is Overruled.
 II.
In its "Decision and Judgment," the trial court found "Jason is now living in an apartment on his own. She (mother) also testified that she is assisting him in paying his bills. Jason has had emotional problems in the past, and now has difficulty in maintaining employment. However, Jason is not legally disabled * * * * The fact that the child made this decision in spite of his mother's wishes does not affect the application of this section [R.C. 3109.05(E)].
We have examined the cases cited by appellant in support of the contention that the facts of this case render Jason unemancipated, and conclude that the trial court did not abuse its discretion in determining that the child is emancipated, notwithstanding emotional problems and lack of continuous employment. See, In re Owens (1994), 96 Ohio App.3d 429, where this court affirmed a judgment suspending child support for a period of time that the child was ordered out of the home of the custodial parent and enrolled in the Job Corps., and reinstating support upon his discharge.
Additionally, we conclude that the decision to terminate support for the period after which Jason quit school and before he left home is not an abuse of discretion.
The second Assignment of Error is Overruled.
 III.
The judgment of the trial court is Affirmed.
FAIN and CACIOPPO, JJ., concur.
Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
Hon. Mary Cacioppo, Retired from the Court of Appeals, Ninth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio
Copies mailed to:
James R. Kirkland Douglas Gregg Hon. v. Michael Brigner
 II.
The claim that State v. Trainer (1995), 79 Ohio Misc.2d 62,670 N.E.2d 1378, requires sustaining of this assignment of error is misplaced. Here the evidence secured by the K-55 is corroborated by the testimony of the officer. Here, the evidence of the radar reading from a moving patrol car is corroborated by the personal observation of the officer. Compare, City of Cincinnati v. Dowling (1987), 36 Ohio App.3d 198,521 N.E.2d 1140.
Plain error is not shown. See, State v. Long (1978), 53 Ohio St.2d 91.
The second assignment of error is Overruled.
 III.
The claim that the exhibits of prior record were not offered or received in evidence is unsupported by the record. See Tr. 22.
 IV.
The assignments of error are Overruled, and the judgment of the Miami County Municipal Court is Affirmed.
FAIN and CACIOPPO, JJ., concur.
Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.
Hon. Mary Cacioppo, Retired from the Court of Appeals, Ninth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio
Copies mailed to:
Gary Zuhl Paul R.F. Princi Hon. William Kessler