This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, George D. Brown, Jr., appeals from his conviction in the Wadsworth Municipal Court for speeding. We affirm.
 {¶ 2} On February 15, 2002, Defendant was cited for speeding, in violation of R.C. 4511.21(D)(1). Subsequently, a bench trial followed. The trial court found Defendant guilty of speeding and fined him accordingly. Defendant timely appeals and raises three assignments of error for review. For ease of review, we will jointly address assignments of error two and three.
 {¶ 3} Before addressing the merits of the appeal, we note that the State did not file an appellate brief. Therefore, we may accept the facts and issues as stated in Defendant's appellate brief as correct and reverse the judgment if Defendant's brief reasonably appears to sustain such action. See App.R. 18(C).
 ASSIGNMENT OF ERROR I {¶ 4} "The State did not establish a foundation for the admission of any evidence based upon the MPH K-55 Radar Unit."[1]
 {¶ 5} In his first assignment of error, Defendant avers that the trial court improperly took judicial notice of the reliability of the radar unit and, consequently, erroneously permitted the State to introduce evidence relating to Deputy Locher's use of his radar unit. Defendant further avers that if the trial court did properly take judicial notice of the reliability of the radar unit, Deputy Locher's testimony was still inadmissible because the State failed to prove that the radar unit was working properly and that Deputy Locher was qualified to operate the radar unit. We agree.
 {¶ 6} A trial court has broad discretion to admit or exclude evidence. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, absent an abuse of discretion, an appellate court will not disturb a decision of a trial court. Id. at 182. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 7} We will separately address Defendant's rationales underlying his contention that the trial improperly admitted evidence relating to the radar unit.
 Judicial Notice {¶ 8} An appellate court will not consider as error any issue that a party was aware of but failed to bring to the attention of the trial court. State v. Dent, 9th Dist. No. 20907, 2002-Ohio-4522, at ¶ 6. Failure to timely object waives the opportunity for appellate review of any issue not preserved and, accordingly, such issue need not be considered for the first time on appeal. State v. Self (1990),56 Ohio St.3d 73, 81; State v. Heilman (Sept. 21, 1994), 9th Dist. No. 2312-M, at 3; State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Upon a thorough review of the record, we find that Defendant did not enter an objection to the trial court's decision to take judicial notice of the reliability of the radar unit during the trial. Therefore, as Defendant has waived his challenge on appeal, we find Deputy Locher's testimony relating to his use of the radar unit is not inadmissible on this basis.
 {¶ 9} State's Failure to Prove Radar Unit was Working Properly and Deputy Locher was Qualified to Operate Radar Unit
 {¶ 10} Having determined that Defendant waived his challenge to the trial court's decision to take judicial notice of the reliability of the radar unit, we must still determine whether the radar unit was in proper working order and whether Deputy Locher was qualified to operate the radar unit. See East Cleveland v. Ferell (1958), 168 Ohio St. 298,303.
 {¶ 11} At trial, Deputy Locher testified that he has been employed by the Medina County Sheriff's Department for approximately ten years. He further testified that he has training in the area of speed enforcement. Specifically, Deputy Locher stated that he received training on the K-55 radar unit in 1993 and in 2001. He also stated that he has received instruction regarding the procedure to verify that the radar unit is working properly. Prior to using the radar unit on February 15, 2002, Deputy Locher explained that he performed (1) a light test to determine whether the lights and digits were working, (2) an internal test, both in stationary and moving mode, to ensure the internals were working, and (3) checked the calibration with tuning forks in both the stationary and moving mode. In relation to the calibration test in stationary mode, Deputy Locher asserted that one fork is set at 35 miles per hour and the second fork is set at 80 miles per hour. He said that he tapped each fork and placed them in front of the radar unit and they gave readings of 35 miles per hour and 80 miles per hour respectively. Deputy Locher further explained the mechanics of the calibration test in moving mode. He stated that he struck both forks and placed them in front of the radar unit and received a reading of 35 miles per hour and 45 miles per hour, which were the speeds the radar unit should indicate. Based upon these tests, he concluded that the radar unit was properly working. Although Deputy Locher acknowledged that he did not make a record of calibrating the radar unit and no one witnessed him calibrate it, he maintained that he "h[ad] a recollection that [he knew] that [he] did calibrate [the radar unit.]"
 {¶ 12} In light of the evidence presented at trial, we find that the radar unit was properly working; however, the State did not prove that Deputy Locher was qualified to operate the radar unit. Specifically, the only evidence presented as to the qualifications of Deputy Locher was the fact that he was trained on the radar unit on two separate occasions. Absent further evidence, such as a certificate of training, we cannot say that the State demonstrated that Deputy Locher was qualified to operate the radar unit. Consequently, we find that the trial court did abuse its discretion by permitting the State to introduce Deputy Locher's testimony as it related to his use of the radar unit. Accordingly, Defendant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II {¶ 13} "The State did not otherwise prove beyond a reasonable doubt each and every element of the offense."
 ASSIGNMENT OF ERROR III {¶ 14} "The trial court's judgment is against the manifest weight of the evidence."
 {¶ 15} In his second and third assignments of error, Defendant challenges the adequacy of the evidence presented at trial. Specifically, Defendant avers that his conviction for speeding was based on insufficient evidence and against the manifest weight of the evidence.
 {¶ 16} Initially, we note that the record indicates that Defendant failed to move the trial court for an acquittal in accordance with Crim.R. 29. Therefore, Defendant cannot challenge the sufficiency of the evidence underlying his conviction on appeal. See State v. Roe (1989),41 Ohio St.3d 18, 25; State v. Hall (Mar. 3, 1999), 9th Dist. No. 2770-M, at 3; State v. Ferguson (Mar. 16, 2001), 6th Dist. No. F-00-018.
 {¶ 17} When a defendant asserts that his conviction is against the manifest weight of the evidence, "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
 {¶ 18} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. Furthermore, the evaluation of the weight to be given to the evidence and evaluation of the credibility of the witnesses are functions primarily reserved for the trier of fact. Statev. Gilliam (Aug. 12, 1998), 9th Dist. No. 97CA006757, at 4.
 {¶ 19} Defendant was found guilty of speeding, in violation of R.C. 4511.21(D)(1). R.C. 4511.21(D)(1) provides in relevant part: "[n]o person shall operate a motor vehicle * * * upon a street or highway * * * [a]t a speed exceeding fifty-five miles per hour[.]"
 {¶ 20} Deputy Locher testified that he was on routine patrol on February 15, 2002. He further testified that he saw Defendant's semi-truck traveling northeast on Route 42. It appeared to Deputy Locher that Defendant was traveling fast, and he estimated Defendant's speed between 65 and 70 miles per hour. He explained that he received training to estimate the speed of moving vehicles. Deputy Locher further explained that he was required to attain a degree of accuracy of "plus or minus five miles an hour per [twenty] vehicles." Deputy Locher finally noted that the posted speed limit was 55 miles per hour; therefore, he testified that he made the traffic stop and issued Defendant a citation for speeding.
 {¶ 21} Defendant testified that he was driving his daughter's semi-truck to a repair shop because the truck was experiencing some problems. Defendant maintained that it was impossible for him to exceed the speed limit. Specifically, Defendant stated that the semi-truck had a computerized speed regulation device that would not allow the truck to exceed 65 miles per hour. Finally, Defendant asserted that he was watching his speed and it did not exceed 55 miles per hour.
 {¶ 22} Notwithstanding the exclusion of the testimony relating to Deputy Locher's use of the radar unit, we cannot say that Defendant's conviction was against the manifest weight of the evidence because it was not based solely on the evidence derived from the radar unit. State v.Wilson (Nov. 20, 1996), 9th Dist. No. 95CA006285, at 3, citing Cincinnativ. Dowling (1987), 36 Ohio App.3d 198, 200; Kirtland Hills v. Logan
(1984), 21 Ohio App.3d 67, 69. Specifically, as Deputy Locher testified that he observed Defendant traveling in excess of the posted speed limit, the trial court could have reasonably found Defendant guilty of speeding. See Wilson, supra, at 4. Therefore, we hold that the judge did not act contrary to the manifest weight of the evidence in determining that Defendant was speeding, in violation of R.C. 4511.21(D)(1). Accordingly, Defendant's second and third assignments of error are overruled.
 {¶ 23} Defendant's second and third assignments of error are overruled and his first assignment of error is sustained. The conviction in the Wadsworth Municipal Court is affirmed.
CARR, J., BATCHELDER, J CONCUR.
[1] We note that Defendant appears to contend that the MPH K-55 radar unit is different from the K-55 radar unit. However, the MPH K-55 radar unit and the K-55 radar unit are the same. The "MPH" preceding the K-55 indicates the manufacturer and distributor of the radar unit, namely, M.P.H. Industries, rather than a different radar unit. See State v. Ford
(Nov. 28, 1980), 6th Dist. No. WD-80-18. Therefore, for purposes of this appeal, we will refer to the radar unit as the K-55 radar unit.