JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Wallace Wilson, appeals his conviction from the Cleveland Municipal Court. Finding error in the proceedings below, we reverse and remand.
 {¶ 2} Wilson and a co-defendant were charged with street racing in violation of Cleveland Codified Ordinance ("C.C.O.") 433.07, a misdemeanor of the first degree. After a bench trial, the court found Wilson and the co-defendant not guilty of street racing, but guilty of speeding in violation of C.C.O. 433.03, a minor misdemeanor. Wilson appeals, advancing one assignment of error for our review:
 {¶ 3} "The Trial Court erred when it found that Speed was a lesser included offense of Street Racing."
 {¶ 4} R.C. 2945.74 provides that a defendant may be convicted of a lesser offense other than the one with which he was formally charged. See, also, Crim.R. 31(C). The Supreme Court of Ohio has set forth a three-prong test to determine whether a criminal offense is a lesser included offense of another. "An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Deem
(1988), 40 Ohio St.3d 205, paragraph three of the syllabus.
 {¶ 5} We apply the Deem test to determine if speeding is a lesser included offense of street racing. Under the first prong of the Deem test, speeding must carry a lesser penalty than street racing. Since speeding is a minor misdemeanor and street racing is a misdemeanor of the first degree, speeding carries a lesser penalty than street racing.
 {¶ 6} Next, it must be determined that street racing, as statutorily defined, cannot be committed without the lesser offense of speeding, as statutorily defined, also being committed. "[T]he determination must include [a] separate analysis of [the] statutory alternatives where a single offense can be committed in different ways." State v. Watson,154 Ohio App.3d 150, 153, 2003-Ohio-4664, citing Whalen v. United States
(1980), 445 U.S. 684, 694. We note that resolution of this issue requires a determination of the evidence required to establish a speeding violation in this district. Under these facts, the only evidence in the record regarding speed is the officer's estimate of the defendant's speed. This testimony is based solely on the officer's training and experience. Although certified in radar since 1991, the officer employed no radar or laser device to establish the speed.
 {¶ 7} "Ohio courts are split on whether a trained officer's estimation of speed, with nothing more (e.g., laser or radar), is sufficient to support a prima facie speeding conviction." Statev. Kincaid, 124 Ohio Misc.2d 92, 95, 2003-Ohio-4632. In the Second, Third, and Eighth Districts, as well as Morrow County Municipal Court in the Fifth District, the opinion of the officer that the defendant was speeding, based upon a visual estimation, without more, is insufficient to sustain a conviction by proof beyond a reasonable doubt. See Id.; State v. Meyers (Dec. 9, 2000), Greene App. No. 2000 CA 49 [2d Dist.]; State v.Westerbeck (June 19, 1987), Shelby App. No. 17-86-18 [3d Dist.];Broadview Hts. v. Abkemeier (1992), 83 Ohio App.3d 633 [8th Dist.].
 {¶ 8} "The First, Fourth, Ninth, Tenth and Eleventh Districts have held that an officer's estimation of speed is sufficient to sustain a speeding conviction in a prima facie case." Kincaid,
124 Ohio Misc.2d at 95, citing Cincinnati v. Dowling (1987),36 Ohio App.3d 198 [1st Dist.]; State v. Harkins (Aug. 5, 1987), Vinton App. No. 431 [4th Dist.]; State v. Wilson (Nov. 20, 1996), Lorain App. No. 95CA006285 [9th Dist.]; Columbus v.Bravi (Mar. 5, 1991), Franklin App. No. 90AP-1135 [10th Dist.];Kirtland Hills v. Logan (1984), 21 Ohio App.3d 67 [11th Dist.];State v. Jones (Nov. 8, 1991), Trumbell App. No. 91-T-4508 [11th Dist.].
 {¶ 9} This court reaffirms its earlier position that the mere educated guess of the arresting officer as to the speed of a vehicle is insufficient to overcome the presumption of innocence and the burden of proof beyond a reasonable doubt for conviction. In this case, Wilson was charged with a violation of C.C.O. 433.07(a), which provides as follows:
"(a) `Street racing' means the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other or the operation of one or more vehicles over a common selected course, from the same point to the same point, wherein timing is made of the participating vehicles involving competitive acceleration or speeds.
" * * * The operation of two or more vehicles side by side either at speeds in excess of prima-facie lawful speeds established by Section 433.03 or rapidly accelerating from a common starting point to a speed in excess of such prima-facie lawful speeds shall be prima-facie evidence of street racing."
 {¶ 10} Under this ordinance, street racing can be established using prima facie evidence that the defendant was exceeding the posted speed limit; however, that option does not apply in this case since there is no recorded speed. Under these facts, the only applicable alternative of street racing that can be proved is the alternative that does not depend on a prima facie speed violation. Because the applicable alternative of street racing does not require speeding for a violation to be established, speeding is not a lesser included offense; therefore, the trial court could not reduce the offense to a speeding violation. Had there been evidence other than the officer's opinion to establish a violation of the prima facie speed, the determination to find speed a lesser included offense of "street racing" would have been proper.
 {¶ 11} Finally, although street racing requires competition between one or more vehicles and speeding requires only that the driver exceed the posted speed limit, it is of no consequence in this case because we find that speeding is not the lesser included offense of the alternative of street racing that is applicable in this case. Accordingly, Wilson's sole assignment of error is sustained.
Judgment reversed and case remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The Cleveland Municipal Court and the office of the Clerk of the Cleveland Municipal Court shall forward an order to the Bureau of Motor Vehicles notifying the Bureau of Motor Vehicles that the conviction is reversed and any points or records associated with the conviction should be vacated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and McMonagle, J., concur.