OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Janice R. Konya, filed December 27, 2005. On May 28, 2005, Konya was cited for speeding on I-75 in Vandalia, Ohio, in Montgomery County, where the posted speed limit was 65 m.p.h. A magistrate tried the matter in Vandalia Municipal Court on June 23, 2005, and found Konya guilty of traveling 75 m.p.h. in violation of the posted limit. The magistrate imposed a fine of $150.00, along with court costs, and she suspended $120.00 of the fine. Konya filed objections to the magistrate's decision on July 7, 2005, and amended objections on August 29, 2005. The trial court upheld the magistrate's decision on December 1, 2005.
 {¶ 2} Konya asserts two assignments of error, which we will consider together. They are as follows:
 {¶ 3} "THE LOWER COURT ERRED IN FINDING THAT A TROOPER'S TESTIMONY THAT APPELLANT WAS TRAVELING AT 'ROUGHLY ABOUT 75 MPH' WAS EVIDENCE SUFFICIENT TO OVERCOME THE PRESUMPTION OF APPELLANT'S INNOCENCE, AND TO FIND HER GUILTY BEYOND A REASONABLE DOUBT." and,
 {¶ 4} "APPELLANT'S CONVICTION FOR SPEEDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} "[S]ufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins, 78 Ohio St.3d 380, 386,1997-Ohio-52, 678 N.E.2d 541, citing Black's Law Dictionary (6th Ed. 1990) 1433. When reviewing the sufficiency of evidence, the relevant inquiry is whether any rational finder of fact, viewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 430, 1997-Ohio-372,683 N.E.2d 1096 (internal citations omitted). A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." Id.
 {¶ 6} In contrast, when a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins, 78 Ohio St.3d at 387, citing State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility. State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288. "Contrastingly, the decision as to which of several competing inferences, suggested by the evidence in the record, should be preferred, is a matter in which an appellate judge is at least equally qualified, by reason and experience, to venture an opinion." Id. A judgment should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. Martin,20 Ohio App.3d at 175.
 {¶ 7} At trial, Trooper Bryan J. Cook of the Ohio State Patrol, who issued Konya's ticket, testified that he had been a law enforcement officer for twelve years and a trooper with the Ohio State Highway Patrol for seven years. He described his training in visually estimating the speed of vehicles, stating that in 1998 he completed a week long course, at the end of which he took a test and "was only an average about two, two and a half miles off give or take either way plus or minus." Cook agreed that estimating speed is something he does "all day every day" while working for the Ohio State Highway Patrol. Cook stated that he observed Konya's vehicle "for over a mile or so, maybe even more" without visual obstruction. According to Cook, Konya was passing other traffic in the left lane. He testified that he "estimated the vehicle of roughly about 75 m.p.h.," and when again asked for his visual speed estimation of Konya's vehicle when he first observed it, he replied, "75 m.p.h." Cook then twice utilized a laser Marksmen LTI 2020 to clock her speed, first at 77 m.p.h. and then at 63 m.p.h. Konya objected to Cook's testimony regarding the laser on the basis that there was no expert testimony regarding the unit's reliability and dependability, and the magistrate sustained her objection.
 {¶ 8} Konya moved under Crim. R. 29 for acquittal, arguing that "an officer's testimony, opinion that the defendant was operating in excess of the speed limit is wholly inadequate, not just inadequate, but wholly inadequate to support a finding of guilty," in reliance upon State v.Saphire (Dec. 8, 2000), Greene App. No. 2000 CA 39, and State v.Meyers (Dec. 9, 2000), Greene App. No. 2000 CA 49. In finding Konya guilty, the Magistrate found that Cook "gave a visual estimate based upon his experience. He outlined for the Court what that experience has been and that he routinely makes such visual estimates. In addition, he * * * laid a foundation as to why he reached that estimate." The Magistrate also determined that the cases relied upon by Konya were distinguishable on their facts.
 {¶ 9} In adopting the magistrate's decision, the trial court determined that "a proper foundation was laid for the Trooper's observation and opinion as to the Defendant's speed. Said testimony is credible and bears weight independent of the laser evidence which was properly excluded by the Magistrate." The trial court also determined that the authorities cited by Konya were "distinguishable by their facts."
 {¶ 10} "'Ohio courts are split on whether a trained officer's estimation of speed, with nothing more (e.g., laser or radar), is sufficient to support a prima facie speeding conviction.' State v.Kincaid, 124 Ohio Misc.2d 92, 95, 796 N.E.2d 89, 2003-Ohio-4632. In the Second, Third, and Eighth Districts, as well as Morrow County Municipal Court in the Fifth District, the opinion of the officer that the defendant was speeding, based upon a visual estimation, without more, is insufficient to sustain a conviction by proof beyond a reasonable doubt. (Internal citations omitted).
 {¶ 11} "The First, Fourth, Ninth, Tenth and Eleventh Districts have held that an officer's estimation of speed is sufficient to sustain a speeding conviction in a prima facie case." City of Cleveland v.Wilson, Cuyahoga App. No. 87047, 2006-Ohio-1947 (Internal citations omitted).
 {¶ 12} In Saphire, supra, Appellant argued that the trial court improperly took judicial notice of the accuracy and dependability of the laser device used to clock Appellant's speed, and we sustained Appellant's assignment of error as to judicial notice of the laser device. Appellant also argued that the trial court erred in overruling his Crim. R. 29 motion for acquittal because "'the record was devoid of admissible evidence that [he] was operating his vehicle at a speed in excess of the posted limit.[.]'" We noted the officer's testimony that "he had observed Saphire traveling 'at a speed that [he] estimated to be in excess of the posted [forty m.p.h.] speed limit.' The only evidence presented to show that Saphire was traveling fifty-five m.p.h. was the reading from the laser devise" which should not have been admitted. In other words, "there was no admissible evidence that Saphire was traveling fifty-five m.p.h. [The officer's] estimate that Saphire was traveling 'in excess of forty m.p.h. is not sufficient to convince a reasonable mind beyond a reasonable doubt that he was traveling fifty-five m.p.h."
 {¶ 13} In Meyers, supra, on the authority of Saphire, we similarly sustained Appellant's assignment of error arguing that the result obtained by the laser device was improperly admitted. InMeyers, the trooper testified that he believed that Appellant was operating his vehicle in excess of the posted speed limit of 65 m.p.h., but he could not estimate the speed, and he failed to provide any foundation for the opinion, such as the time of observation or distance traveled during the observation on which he based his opinion. Again on the authority of Saphire, we found no error in admitting the trooper's testimony that Appellant was speeding, but we concluded "that that testimony, without more, was wholly inadequate to support a finding of guilty of driving 82 mph in a 65 mph speed zone."
 {¶ 14} We agree with the trial court that the facts herein are distinguishable from those in Saphire and Meyers. Cook, trained and experienced in speed estimation, observed Konya passing other cars. He observed her for approximately a mile without obstruction. He estimated her speed to be 75 m.p.h. Reasonable minds, when viewing the evidence in a light most favorable to the state, could conclude that Konya was traveling at 75 m.p.h. Having reviewed the entire record, weighed the evidence and reasonable inferences therefrom, we cannot say that the magistrate lost her way and created a manifest miscarriage of justice. Since Konya's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence, her assignments of error are overruled, and the judgment of the trial court is affirmed.