JUDGMENT: DISMISSED
 JUDGMENT: REVERSED {¶ 1} Appellant Timothy J. Campbell, Jr. appeals his speeding conviction entered in the Berea Municipal Court. He assigns the following error for our review:
 "I. The trial court erred in finding the defendant, Timothy J. Campbell, Jr., guilty of speeding."
 {¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's decision. The apposite facts follow.
 {¶ 3} On September 13, 2005, Middleburg Heights Police Officer Mark Malenic issued a traffic citation to Campbell for traveling above the posted speed limit. At his arraignment in the Middleburg Heights Mayor's Court, Campbell pled not guilty and the case was transferred to the Berea Municipal Court. On December 1, 2005, the matter proceeded to a bench trial.
 {¶ 4} At trial, Officer Malenic testified that on September 13, 2005, at approximately 2:25 p.m., while conducting routine traffic enforcement in a school zone on Bagley Road, he observed a gold Chevrolet Cavalier that appeared to be traveling at a high rate of speed. Using a laser gun, while seated on the patrol motorcycle, he determined that the vehicle was traveling at a speed of 46 m.p.h. in a 20 m.p.h. zone.
 {¶ 5} Officer Malenic also testified that when the vehicle entered the school zone it had to stop suddenly to avoid a rear end collision with another vehicle. Officer Malenic initiated a traffic stop and cited Campbell for speeding, a violation of Section 434.03(b)(1)(A) of the Codified Ordinances of the City of Middleburg Heights.
 {¶ 6} On cross-examination, Officer Malenic testified that he was using an Atlanta hand held laser unit, which operates independently on a battery pack and automatically shuts off after five minutes of inactivity. He also stated that on the day in question, the unit automatically shut itself off when he took his lunch break. Officer Malenic further stated that he calibrated the unit when his shift started at 7:00 a.m., but did not re-calibrate it after his lunch break.
 {¶ 7} Officer Malenic finally stated that he is certified to operate laser units, but not the one he used that day.
 {¶ 8} At the end of the State's case in chief, Campbell motioned the court for a directed verdict of acquittal, based on the lack of expert testimony as to the reliability of the laser unit. In response, the State argued that there was still enough evidence to convict Campbell without the reading from the laser unit. In rebuttal, Campbell argued there was no testimony regarding a possible charge of assured clear distance and that the locking of brakes was not sufficient to sustain a conviction for speeding.
 {¶ 9} The trial court declined to consider the reading from the laser unit, but denied the motion for acquittal. Campbell now appeals.
 Sufficiency of Evidence {¶ 10} In the sole assigned error, Campbell argues there was insufficient evidence to convict him of speeding. We agree.
 {¶ 11} A challenge to the sufficiency of the evidence supporting a conviction requires the appellate court to determine whether the State met its burden of production at trial.[1] On review for legal sufficiency, the appellate court's function is to examine evidence admitted at trial and determine whether such evidence, if believed, would convince the average person of the defendant's guilt beyond a reasonable doubt.[2] In making its determination, an appellate court must view the evidence in a light most favorable to the prosecution.[3]
 {¶ 12} The resolution of this issue requires a determination of the evidence required to establish a speeding violation in this district. In the instant case, the trial court declined to consider the reading of the laser unit, thus, the only evidence in the record regarding the speed is Officer Malenic's visual estimate that Campbell was traveling above the posted limit.
 {¶ 13} Ohio courts are split on whether a trained officer's estimation of speed, with nothing more (e.g., laser or radar), is sufficient to support a prima facie speeding conviction.[4] In the Second, Third, and Eighth Districts, as well as Morrow County Municipal Court in the Fifth District, the opinion of the officer that the defendant was speeding, based upon a visual estimation, without more, is insufficient to sustain a conviction by proof beyond a reasonable doubt.[5]
 {¶ 14} The First, Fourth, Ninth, Tenth and Eleventh Districts have held that an officer's estimation of speed is sufficient to sustain a speeding conviction in a prima facie case.[6]
 {¶ 15} This court reaffirms its earlier position that the mere educated guess of the arresting officer as to the speed of a vehicle is insufficient to overcome the presumption of innocence and the burden of proof beyond a reasonable doubt for conviction.
 {¶ 16} In this case, although certified in the operation of radar and laser devices, Officer Malenic testified that he was not certified regarding the unit he was using that day. He further testified that he did not re-calibrate the unit after he took his lunch break. Consequently, the trial court had no way of knowing if the unit was operating properly, thus properly did not consider the reading.
 {¶ 17} Without the reading from the laser device, this court is left with Officer Malenic's testimony regarding his visual estimation of Campbell's speed. This estimation was derived from Officer Malenic's position on his stationary patrol motorcycle. If Officer Malenic had been pacing Campbell's vehicle, he would have been able to offer testimony regarding their respective speeds.
 {¶ 18} Finally, although Officer Malenic offered testimony that Campbell had to stop suddenly to avoid a rear end collision, we find this is not conclusive evidence that Campbell was speeding. Officer Malenic stated in pertinent part as follows:
 "I did also point out that he almost rear-ended another car when he entered the school zone that was actually doing the speed limit."[7]
Here, in stating that the other car was observing the speed limit, Officer Malenic is also relying on his visual estimation of that motorist's speed. Without more than Officer Malenic's visual estimation of the other motorist's speed, we cannot conclude that the only reason Campbell stopped suddenly was due to him exceeding the posted speed limit.
 {¶ 19} After construing the evidence in the light most favorable to the prosecution, we conclude the evidence was insufficient to convict Campbell of speeding. Accordingly, we sustain the sole assigned error.
Judgment reversed.
It is ordered that appellant recover from appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to rule 27 of the Rules of Appellate Procedure.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380.
[2] Id.; State v. Fryer (1993), 90 Ohio App.3d 37.
[3] Id. at 43.
[4] City of Cleveland v. Wilson, Cuyahoga App. No. 87047,2006-Ohio-1947, citing State v. Kincaid, 124 Ohio Misc.2d 92, 95,2003-Ohio-4632.
[5] See Id.; State v. Meyers (Dec. 9, 2000), 2nd Dist. No. 2000 CA 49; State v. Westerbeck (June 19, 1987), 3rd
Dist. No. 17-86-18; Broadview Hts. v. Abkemeier (1992),83 Ohio App.3d 633.
[6] Kincaid, 124 Ohio Misc.2d at 95, citing Cincinnati v. Dowling
(1987), 36 Ohio App.3d 198; State v. Harkins (Aug. 5, 1987), 4th Dist. No. 431; State v. Wilson (Nov. 20, 1996), 9th Dist. No. 95CA006285; Columbus v. Bravi (Mar. 5, 1991), 10th Dist. No. 90AP-1135; Kirtland Hills v.Logan (1984), 21 Ohio App.3d 67; State v. Jones (Nov. 8, 1991), 11th Dist. No. 91-T-4508.
[7] Tr. at 9.