The STATE of Ohio, Appellee,

v.

LITREAL, Appellant.

[Cite as *State v. Litreal*, 170 Ohio App.3d 670, 2006-Ohio-5416.]

Court of Appeals of Ohio,
Fourth District, Lawrence County.

No. 06CA13.

Decided Oct. 5, 2006.

Yemc Law Offices and Michael J. Yemc Jr., for appellant.

J.B. Collier Jr., Lawrence County Prosecuting Attorney, and Brigham M. Anderson, Assistant Prosecuting Attorney, for appellee.

KLINE, Judge.

{¶ 1} Dwayne L. Litreal appeals the judgment of the Ironton Municipal Court convicting him of speeding in violation of R.C. 4511.21(D). Because we find that Litreal failed to assign error to the trial court's failure to follow the requirements of Crim.R. 19, we review Litreal's assignments of error under the plain-error standard of review. In his second assignment of error, Litreal contends that the trial court deprived him of his constitutional right to due process by failing to give him an opportunity to present evidence in his defense. Because we cannot conceive of an error that could more seriously affect the fairness, integrity, or public reputation of judicial proceedings than a court's complete disregard of a criminal defendant's right to present evidence in his defense, we agree and find that the court committed plain error by failing to give Litreal any opportunity to present evidence in his defense. Additionally, in his first assignment of error, Litreal contends that the trial court erred in finding him guilty of speeding where the state failed to present any evidence that the radar used to measure his speed was (1) properly calibrated on the day of his citation and (2) a scientifically accurate means of measuring the speed of a moving vehicle. Because we find that the remaining evidence was sufficient for a reasonable trier of fact to find that the state had proven each element of the charged offense beyond a reasonable doubt, we conclude that any error in permitting the testimony regarding Litreal's speed as measured by the radar device constitutes harmless error. Accordingly, we sustain Litreal's second assignment of error, overrule his

first assignment of error, reverse the trial court's judgment, and remand this cause for further proceedings consistent with this decision.

I

{¶ 2} On January 25, 2006, a state trooper issued Litreal a traffic citation for traveling 65 m.p.h. in a 55–m.p.h. zone, in violation of R.C. 4511.21(D). Litreal entered a plea of not guilty, and on February 28, 2006, a Lawrence County Municipal Court magistrate conducted a hearing. The magistrate heard the testimony of Sgt. Jacob P. Kisor of the Ohio State Highway Patrol, who issued the citation to Litreal. Sgt. Kisor testified that on the date of the citation, he was on patrol, headed east on U.S. 52 approaching S.R. 93, near the first downtown Ironton exit, when he observed a semi tractor trailer westbound on U.S. 52 that appeared to be exceeding the 55 m.p.h. speed limit. He testified that he activated his radar and got a visual readout on the radar of 65 m.p.h. Sgt. Kisor turned his vehicle around to pursue the speeder. He stopped the vehicle and issued a citation to Litreal, the driver. Sgt. Kisor further testified that during the stop, Litreal stated that he was aware he was over the speed limit and it was his fault. Upon cross-examination, Sgt. Kisor testified that he was trained and certified to use the Python K–55 radar that he used to clock Litreal's vehicle, with his last certification occurring the previous May.

{¶ 3} At the conclusion of Sgt. Kisor's cross-examination, Litreal's counsel moved for dismissal of the action on the ground that the state failed to prove that the radar device was properly calibrated on the day in question. Further, counsel argued that the state presented no evidence with regard to whether Litreal's speed was unreasonable for the conditions. The magistrate heard argument from Litreal's counsel and the state upon the motion. But instead of ruling upon Litreal's motion, the magistrate proceeded to find him guilty of the charged violation.

{¶ 4} On March 9, 2006, Litreal filed his notice of appeal before this court. On March 17, 2006, the Clerk of Courts issued a deficiency notice indicating that Litreal had failed to file a copy of the judgment or order being appealed, indicating that if a copy of the judgment was not filed forthwith, this court would dismiss the appeal. On April 10, 2006, we issued an entry ordering the appeal to be dismissed after ten days, unless Litreal complied with the local rules of court to perfect his appeal or showed good cause for his failure to do so. On April 11, 2006 a copy of the judgment entry was filed with the Clerk of Courts, and on April 19, 2006, Litreal filed a response to our entry detailing his efforts to obtain a written entry from the trial court. By an entry filed on April 25, 2006, this court found that Litreal had perfected his appeal and ordered that the matter proceed according to rule.

{¶ 5} Litreal now raises the following assignments of error: I. "The trial court erred in finding defendant-appellant guilty of violating Ohio Revised Code § 4511.21(D)." II. "The trial court erred in not giving the defense an opportunity to present evidence following the state's case."

## II

{¶ 6} Pursuant to Crim.R. 19(E)(1), after conducting proceedings in a referred matter, a magistrate is required to file with the clerk a written decision that is both (1) identified as a magistrate's decision in the caption and (2) signed by the magistrate. The rule further requires the clerk to serve copies of the magistrate's decision on all parties or their attorneys. Id. Crim.R. 19(E)(2) provides the parties 14 days to file written objections to the magistrate's decision.

{¶ 7} Here, the magistrate did not file a written decision in accordance with Crim.R. 19; however, the trial court issued a judgment entry finding Litreal guilty of the charged offense and sentencing him in accordance with the magistrate's oral pronouncement. Upon discovering that fact, we ordered the parties to submit memoranda discussing whether the trial court's judgment constitutes a final, appealable order.

{¶ 8} In its brief and its memorandum, the state contends that because Litreal did not file objections to a magistrate's decision below, Crim.R. 19(E)(2) now prevents him from raising his assignments of error before this court. Litreal responds that he could not file objections to a written decision when no written decision exists.

{¶ 9} We agree that Litreal could not file objections to a nonexistent magistrate's decision. While the record clearly demonstrates a procedural defect, we conclude that the defect does not affect the trial court's jurisdiction to determine the action. See *Eisenberg v. Peyton* (1978), 56 Ohio App.2d 144, 148, 10 O.O.3d 158, 381 N.E.2d 1136. Because we find that the trial court's judgment "affected a substantial right in an action which in effect determines the action," we conclude that it constitutes a final, appealable order. R.C. 2505.02.

{¶ 10} However, in light of the obvious procedural deficiencies below and Litreal's failure to assign error to those deficiencies, we decline to address Litreal's assignments of error directly upon their merits. Litreal suggests that in the absence of specific objections to a magistrate's decision, we should review the trial court's decision for plain error. We agree. Accordingly, we consider whether either of Litreal's assigned errors demonstrates the existence of plain error under Crim.R. 52(B).

{¶ 11} Pursuant to Crim.R. 52(B), we may notice plain errors or defects affecting substantial rights, although they were not brought to the attention of the trial court. The Ohio Supreme Court has found that "[b]y its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial." *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. First, an error must exist. Id., citing *State v. Hill* (2001), 92 Ohio St.3d 191, 200, 749 N.E.2d 274, citing *United States v. Olano* (1993), 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (interpreting Crim.R. 52(B)'s identical federal counterpart, Fed.R.Crim.P. 52(b)). Second, the error must be plain, obvious, or clear. Id. Third, the error must affect "substantial rights," which the court has interpreted to mean but for the error, "the outcome of the trial clearly would have been otherwise." Id., citing *Hill*, 92 Ohio St.3d at 205, 749 N.E.2d 274; *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894; *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph two of the syllabus.

{¶ 12} Even if a reviewing court finds that a forfeited error satisfies all three prongs of the test, it is not required to notice the error, but retains discretion to decide whether it should correct it. A reviewing court should use its discretion under Crim.R. 52(B) to notice plain error " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Barnes*, 94 Ohio St.3d at 27, 759 N.E.2d 1240, quoting *Long*, 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, at paragraph three of the syllabus, and citing *Olano*, 507 U.S. at 736, 113 S.Ct. 1770 (suggesting that appellate courts correct a plain error "if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings,' " quoting *United States v. Atkinson* (1936), 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555).

{¶ 13} The Ohio Supreme Court has acknowledged that "since the adoption of Crim.R. 52(B), this court has followed federal precedents in directing [that] the rule be invoked only in exceptional circumstances to avoid a miscarriage of justice." *Long*, 53 Ohio St.2d at 96, 7 O.O.3d 178, 372 N.E.2d 804. The United States Supreme Court has stated that "we have never held that a Rule 52(b) remedy is only warranted in cases of actual innocence." (Emphasis sic.) *Olano*, 507 U.S. at 736, 113 S.Ct. 1770, 123 L.Ed.2d 508. "An error may 'seriously affect the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." Id. at 736–737, 113 S.Ct. 1770, 123 L.Ed.2d 508, quoting *Atkinson*, 297 U.S. at 160, 56 S.Ct. 391, 80 L.Ed. 555.

## III

{¶ 14} In his second assignment of error, Litreal contends that the trial court deprived him of his constitutional right to due process by failing to give him

an opportunity to present evidence in his defense at the conclusion of the state's case. Specifically, Litreal argues that at the conclusion of the state's evidence, he made a Crim.R. 29 motion for acquittal, but that instead of ruling upon the motion, the magistrate proceeded to find him guilty of the charged violation.

{¶ 15} The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires criminal prosecutions to comport with prevailing notions of fundamental fairness. *California v. Trombetta* (1984), 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413. Furthermore, the United States Supreme Court has recognized: "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Chambers v. Mississippi* (1973), 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297, citing, e.g., *Webb v. Texas* (1972), 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330; *Washington v. Texas* (1967), 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019; *In re Oliver* (1948), 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682. See, also, *California v. Trombetta*, 467 U.S. at 485, 104 S.Ct. 2528, 81 L.Ed.2d 413.

{¶ 16} Here, the magistrate heard testimony from the state's witness, Sgt. Kisor. Defense counsel cross-examined Sgt. Kisor and then indicated that he had no further questions. The state never indicated on the record that it was ready to rest its case. However, upon concluding his cross-examination of Sgt. Kisor, defense counsel moved the court to dismiss the case on the grounds that the prosecution failed to prove that (1) the radar device was properly calibrated on the day in question, (2) the radar device was a scientifically accurate speed-measuring device, or (3) Litreal's speed was unreasonable for the conditions. After hearing argument from the state and defense counsel regarding the motion, the magistrate proceeded to find Litreal guilty of the charged offense and indicated that the fine would be $20 plus costs.

{¶ 17} The magistrate orally pronounced and the trial court later found Litreal guilty of the charged offense without ever offering him the opportunity to present any evidence in his defense. Those actions clearly constituted error, as they deprived Litreal of his constitutional right to due process by depriving him of any opportunity to present a defense. It is not clear from the record before us that in the absence of the error, the outcome of the trial clearly would have been different. But we cannot conceive of an error that could more seriously affect the fairness, integrity, or public reputation of judicial proceedings than a court's complete disregard of a criminal defendant's right to present evidence in his defense. Hence, we find that the trial court committed plain error by finding Litreal guilty of the charged offense without first affording him the opportunity to defend himself. Accordingly, we sustain Litreal's second assignment of error.

## IV

{¶ 18} In his first assignment of error, Litreal contends that the trial court erred in convicting him of speeding. Specifically, Litreal argues that the trial court erred in convicting him where the state failed to present any evidence that the radar device used to measure his speed was (1) properly calibrated on the day of his citation and (2) a scientifically accurate means of measuring the speed of a moving vehicle. Additionally, Litreal contends that the state failed to present any evidence demonstrating that his speed was unsafe for the conditions. In essence, Litreal contends that the trial court erred in permitting Sgt. Kisor to testify regarding Litreal's speed as indicated by the radar gun, and, therefore, the record contained insufficient evidence to support his conviction for speeding.[1]

{¶ 19} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. This test raises a question of law and does not allow the court to weigh the evidence. *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717.

{¶ 20} R.C. 4511.21(D) provides: "No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows: (1) At a speed exceeding fifty-five miles per hour, except upon a freeway as provided in division (B)(12) of this section; * * *." Thus, in order to convict Litreal of speeding, the state was required to prove beyond a reasonable doubt that Litreal was operating a motor vehicle upon a street or highway in excess of 55 miles per hour.

{¶ 21} Here, even if the trial court erroneously admitted Sgt. Kisor's testimony regarding Litreal's speed as measured by the Python K–55 radar device, we find that the remaining evidence was sufficient for a reasonable trier of fact to find that the state had proven each element of the charged offense beyond a reasonable doubt. Specifically, we note that Sgt. Kisor testified that he

---

1. Although we sustained Litreal's first assignment of error on due-process grounds, this assignment of error is not moot because double jeopardy bars a retrial when a conviction is reversed due to insufficient evidence presented at the first trial. See *Burks v. United States* (1978), 437 U.S. 1, 11, 98 S.Ct. 2141, 57 L.Ed.2d 1; *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, superseded by constitutional amendment on other grounds as stated by *State v. Smith* (1997), 80 Ohio St.3d 89, 684 N.E.2d 668.

visually observed Litreal's vehicle traveling west on U.S. 52, and "[h]e appeared to be over the speed limit." This court has previously held that an officer's testimony regarding his visual observation of speed is sufficient to support a conviction for speeding, and, therefore, where such eyewitness testimony exists, it is harmless error for a trial court to admit, without the proper foundation, the officer's testimony that he had clocked the defendant's speed with a radar gun. *State v. Harkins* (Aug. 5, 1987), Vinton App. No. 431, 1987 WL 15492. See, also, *State v. Wilson* (1995), 102 Ohio App.3d 1, 656 N.E.2d 954; *Cincinnati v. Dowling* (1987), 36 Ohio App.3d 198, 521 N.E.2d 1140; *Kirtland Hills v. Logan* (1984), 21 Ohio App.3d 67, 21 OBR 71, 486 N.E.2d 231.

{¶ 22} Additionally, we note that Sgt. Kisor testified that during the traffic stop, Litreal stated that he was aware he was over the speed limit and it was his fault. That admission, if believed, is alone sufficient to prove beyond a reasonable doubt that Litreal operated his vehicle at a speed exceeding 55 m.p.h. upon a public highway. *Shaker Hts. v. Coustillac* (2001), 141 Ohio App.3d 349, 353, 750 N.E.2d 1229.

{¶ 23} Litreal also contends that in addition to proving that he exceeded the speed limit, the state was required to prove that his speed was unsafe for the road conditions. However, we note that Litreal was charged under R.C. 4511.21(D), which constitutes a per se violation. See, e.g., *State v. Heidelberg* (Mar. 22, 2002), Wood App. WD–01–036, 2002 WL 445038; *In re James J.* (May 12, 1995), Huron App. No. H–94–041, 1995 WL 283884. Thus, the state was not required to prove that his speed was unsafe for the conditions. Id.

{¶ 24} Viewing Sgt. Kisor's testimony regarding his visual observation of Litreal's speed and his testimony regarding Litreal's admission in a light most favorable to the prosecution, we conclude that the state presented sufficient evidence for a rational trier of fact to find the essential elements of the charged offense proven beyond a reasonable doubt. Because, in the absence of Sgt. Kisor's testimony regarding the radar reading of Litreal's speed, the state's remaining evidence is sufficient to support his conviction, any error in permitting the radar testimony is harmless. Therefore, it cannot rise to the level of plain error. Accordingly, we find Litreal's first assignment of error has no merit.

V

{¶ 25} In conclusion, we sustain Litreal's second assignment of error, overrule his first assignment of error, and remand this cause for a new trial.

Judgment reversed
and cause remanded.

HARSHA, P.J., and McFARLAND, J., concur.