OPINION
{¶ 1} Defendant-appellant, Robert Schmidt, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm in part and reverse in part and remand the matter for further proceedings consistent with this opinion.
 {¶ 2} On May 1, 2007, a Franklin County Grand Jury indicted appellant with one count of gross sexual imposition in violation of R.C. 2907.05
and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1). The charges *Page 2 
arose out of allegations of sexual misconduct involving his now ex-wife's daughter, A.K., then age five.[1] Appellant entered a not guilty plea to the charges and proceeded to trial.
 {¶ 3} At trial, appellant's ex-wife testified that she walked into her daughter's bedroom on the night of July 18, 2006 and saw her daughter lying on the bed. She also saw appellant on his knees in the bed, with his pants down around his knees but still wearing his underwear. She observed him masturbating.
 {¶ 4} Following that incident, appellant's ex-wife took A.K. to the Center for Child and Family Advocacy at Children's Hospital where A.K. was interviewed by Diane Lampkins, a forensic interviewer. During that interview, A.K. disclosed that appellant previously touched her "pee-pee" with his hands. A tape of the interview was played to the jury. A.K. also testified in person against appellant. She testified that appellant touched her "pee-pee" with his "pee-pee." Appellant denied any improper conduct in interviews with the Columbus Police Department and the Ohio State Highway Patrol.
 {¶ 5} The jury found appellant guilty of both charges and the trial court sentenced him accordingly. Appellant now appeals and assigns the following errors:
 [1] THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING THE INTRODUCTION OF THE OUT-OF-COURT STATEMENTS OF A.K. TO DIANE LAMPKINS, MA, LSW, TO BE ADMISSIBLE UNDER EVID.R. 803(4), "STATEMENTS MADE FOR PURPOSES OF MEDICAL DIAGNOSIS OR TREATMENT," THEREBY DEPRIVING DEFENDANT-APPELLANT OF HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL GUARANTEED BY AMENDMENTS V AND XIV OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION. *Page 3 
 [2]. DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY AMENDMENTS VI
AND XIV OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN COUNSEL FAILED TO OBJECT TO THE INADMISSIBLE OPINION OF PHILLIP SCRIBANO, D.O., MSCE, THAT SEXUAL ABUSE OCCURRED BASED SOLELY ON HISTORY GIVEN BY THE CHILD DECLARANT.
 [3.] THE TRIAL COURT ABUSED ITS DISCRETION, DENYING DEFENDANT-APPELLANT OF HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL GUARANTEED BY AMENDMENTS V AND XIV OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT FOUND THE CHILD WITNESS COMPETENT TO TESTIFY AND OVERRULED DEFENDANT-APPELLANT'S MOTION TO STRIKE THE CHILD'S TESTIMONY DURING TRIAL.
 [4] THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT AS TO BOTH COUNTS OF THE INDICTMENT WHEN THOSE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL GUARANTEED BY AMENDMENTS V AND XIV OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 {¶ 6} Appellant contends in his first assignment of error that the child's taped interview was improperly admitted pursuant to Evid. R. 803(4). We disagree.
 {¶ 7} Initially, we note that appellant did not object to the admission of the taped interview at trial on these grounds. Therefore, appellant has waived the argument absent plain error. City v.Bishop, 10th Dist. No. 08AP-300, 2008-Ohio-6964, at ¶ 30; State v.Crosky, 10th Dist. No. 06AP-816, 2007-Ohio-6533, at ¶ 24; State v.Brown, 5th Dist. No. 2007 CA 15, 2008-Ohio-3118, at ¶ 19. *Page 4 
 {¶ 8} Under Crim. R. 52(B), plain errors affecting substantial rights may be noticed by an appellate court even though they were not brought to the attention of the trial court. To constitute plain error, there must be: (1) an error, i.e., a deviation from a legal rule, (2) that is plain or obvious, and (3) that affected substantial rights. State v.Barnes (2002), 94 Ohio St.3d 21, 27. Even if an error satisfies these prongs, appellate courts are not required to correct the error. Appellate courts retain discretion to correct plain errors. Id.;State v. Litreal, 170 Ohio App.3d 670, 2006-Ohio-5416, at ¶ 12. Courts are to notice plain error under Crim. R. 52(B) "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Barnes.
 {¶ 9} A trial court has broad discretion to determine whether a declaration should be admissible under a hearsay exception. State v.Dever (1992), 64 Ohio St.3d 401, 410. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. State v. Finnerty (1989), 45 Ohio St.3d 104, 107.
 {¶ 10} The Supreme Court of Ohio has held that a child's statements may be admitted pursuant to Evid. R. 803(4) if they were made for purposes of medical diagnosis or treatment rather than for some other purpose, regardless of the child's competency to testify. State v.Muttart, 116 Ohio St.3d 5, 2007-Ohio-5267, syllabus. This court also has repeatedly determined that statements made to a social worker at the Child and Family Advocacy Center are admissible under Evid. R. 803(4) if they were made for purposes of medical diagnosis or treatment. State v.Arnold, 10th Dist. No. 07AP-789, 2008-Ohio-3471, at ¶ 37, citing Statev. Vance, 10th Dist. No. 06AP-1016, 2007-Ohio-4407, at ¶ 70; State v.Martin, 10th Dist. App. No. 05AP-818, 2006-Ohio-2749, at ¶ 15-17; In reM.E.G., 10th Dist. No. 06AP-1256, 2007-Ohio-4308, at ¶ 26; State v.D.H., 10th Dist. No. 07AP-73, *Page 5 2007-Ohio-5970, at ¶ 37-48; State v. Edinger, 10 Dist. No. 05AP-31,2006-Ohio-1527, at ¶ 62.
 {¶ 11} In determining whether the child's statements were made for purposes of medical diagnosis or treatment rather than for some other purpose, the Supreme Court of Ohio has identified key factors for a court to consider. Muttart, at ¶ 49; see also State v. Ferguson, 10th Dist. No. 07AP-999, 2008-Ohio-6677, at ¶ 40. These factors include (1) whether the interviewer questioned the child in a leading or suggestive manner, (2) whether the child had a motive to fabricate, and (3) whether the child understood the need to tell the truth. Muttart. The court may consider the consistency of the child's declarations. Id. The court may also consider the age of the child, "which might suggest the absence or presence of an ability to fabricate." Id. In light of these factors, appellant argues that the trial court erred when it admitted the child's taped interview pursuant to Evid. R. 803(4). We disagree.
 {¶ 12} Lampkins testified that the purpose of the interview was to gather A.K.'s history so that the medical professionals could proceed with their examination. She stated that she shared with the doctors the information A.K. disclosed in the interview. Lampkins primarily used open-ended questions when asking A.K. about the alleged abuse and avoided leading or suggestive questions. Dr. Phillip Scribano, the doctor who examined A.K., testified that he relied on the information Lampkins obtained to guide his physical examination of A.K.
 {¶ 13} A.K. explained during the interview that she understood the difference between the truth and a lie and that it is better to tell the truth than to lie. Although A.K. did say that she wanted her mom with her dad (rather than appellant), there is no *Page 6 
evidence to indicate that this desire motivated her to fabricate the allegations. We also note that the child's statements during the interview were consistent. Given these factors, we conclude that the trial court's admission of A.K.'s taped interview was not an abuse of discretion and did not constitute plain error. Accordingly, we overrule appellant's first assignment of error.
 {¶ 14} For ease of analysis, we address appellant's remaining assignments of error out of order. Appellant contends in his third assignment of error that the trial court erred by finding A.K. competent to testify. We agree.
 {¶ 15} Evid. R. 601(A) provides that every person is competent to testify except children under ten years old "who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." A.K. was seven-years old at the time of trial and was, therefore, not presumed to be competent or incompetent to testify. State v. Mayer, 4th Dist. No. 99CA8, 2000-Ohio-2014. The proponent of testimony from a child under ten years old bears the burden of proving that the witness is competent to testify. State v. Clark, 71 Ohio St.3d 466, 469, 1994-Ohio-43.
 {¶ 16} In determining the competency of a child witness, a trial court must consider whether the child is able to (1) receive accurate impressions of fact or observe acts about which the child will testify, (2) recall those impressions or observations, (3) communicate what was observed, (4) understand truth and falsity, and (5) appreciate the responsibility to be truthful. State v. Frazier (1991),61 Ohio St.3d 247, 250-51. We will not reverse a trial court's decision on a child's competency to testify absent an abuse of discretion. Clark, at 469. An abuse of discretion connotes more than an error of law or *Page 7 
judgment; it implies a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} The trial court held a hearing to determine whether A.K. was competent to testify. After the trial court, the prosecutor, and defense counsel questioned A.K., the trial court ruled that she was competent to testify. Appellant contends that the trial court failed to properly inquire into all of the Frazier considerations at the child's competency hearing, and therefore, the state failed to prove that A.K. was competent to testify. We agree.
 {¶ 18} The trial court did question A.K. about the fourth and fifthFrazier factors: her knowledge of truth and falsity and her appreciation of the need to be truthful. A.K. stated that she knew the difference between the truth and a lie and that she understood the need to be truthful. However, neither the trial court nor the state sufficiently inquired into the first three Frazier factors: the child's ability to observe, recall, and communicate accurate impressions or observations of past events within the relevant time frame.
 {¶ 19} Although questions about the alleged sexual abuse are not necessary to determine competency, the proponent must establish the witness' ability to recall events from the relevant time period.State v. Molen, 2nd Dist. No. 21941, 2008-Ohio-6237, at ¶ 12; State v.Jett (Mar. 31, 1998), 11th Dist. No. 97-P-0023 (noting that trial court must "delve into the child's ability to recount the events from the time frame of the incident at issue"); State v. Anderson (Nov. 23, 1994), 8th Dist. No. 66544 (noting that an inquiry into the specific acts of abuse is not required where the child is generally able to relate events occurring during the same time frame).
 {¶ 20} According to the indictment, the alleged criminal conduct occurred between March 2004 and July 2006. Appellant's trial occurred in March 2008. Attempts to *Page 8 
determine A.K.'s ability to remember events from prior years were negligible. The trial court's only question on this issue asked A.K. whether she could remember things that happened two years ago. A.K. replied that she did not know. The prosecutor asked her what gifts she got for Christmas, only three months before the trial. A.K. could remember two gifts she received. From the phrasing of the question, however, it appears that A.K. and the prosecutor previously had discussed what gifts she received.[2] More significantly, the prosecutor made no attempt to determine whether A.K. could recall and relate events that occurred between March 2004 and July 2006.
 {¶ 21} Appellant's counsel asked A.K. about her ability to remember events from several years ago. He asked A.K. what gifts she received two years ago for Christmas. A.K. stated that she forgot. When asked what she received for her last birthday, A.K. stated that she could not remember. Appellant's counsel also asked her if she would be able to tell him what she got on her birthday two years ago, and A.K. shook her head no.
 {¶ 22} The inquiry into A.K.'s competency was inadequate to determine whether or not A.K. had any ability to recall and relate events from the relevant time frame. Jett; Molen, at ¶ 12. The state, therefore, failed to satisfy its burden in establishing A.K.'s competency.
 {¶ 23} We note that some appellate courts have recognized that a deficiency in questioning during a competency hearing may be cured if the witness' subsequent trial testimony established competency. SeeMolen, at ¶ 13 (citing cases from other appellate districts). Therefore, we will review A.K.'s trial testimony to determine whether the state's *Page 9 
failure to establish A.K.'s competency prior to her testimony was subsequently cured by the substance of her testimony.
 {¶ 24} During the state's questioning, A.K. testified that appellant hurt her and made her feel uncomfortable. She testified that he touched her "pee-pee" with his "pee-pee." Notably, this allegation is different from the allegation she made during her taped interview at the Center for Child and Family Advocacy. During the taped interview in July 2006, A.K. alleged that appellant touched her "pee-pee" with his hands. A.K. also testified that the alleged touching occurred in her mother's bedroom. However, in her July 2006 taped interview, A.K. stated that the alleged touching occurred in her bedroom. Therefore, A.K.'s trial testimony conflicted with statements she made during the July 2006 taped interview.
 {¶ 25} A.K. also contradicted herself during her trial testimony. On cross-examination, A.K. denied that she told "mamaw" about the touching. However, on redirect, A.K. stated that she did disclose the abuse to her "mamaw." On cross-examination, she stated she could only remember being examined by a doctor, but on redirect, she said she remembered being interviewed and examined by other people.
 {¶ 26} Given the significant conflict between statements A.K. made during her trial testimony and statements she made during the July 2006 taped interview, as well as her conflicting statements during her trial, A.K.'s trial testimony did not establish her competency or, more specifically, her ability to recall and relate events from the relevant time period. A.K. was incapable of remembering a number of material events when questioned by appellant's counsel. She allegedly remembered those events only upon suggestive questioning by the prosecutor. Moreover, her trial testimony was inconsistent *Page 10 
with her July 2006 interview on a number of issues such as: how appellant touched her, where he touched her, and to whom she disclosed the abuse. These inconsistencies, as well as her admission that she has difficulty remembering events, prevent us from concluding that A.K.'s trial testimony cured the deficiencies in establishing her competency to testify.
 {¶ 27} Because the state failed to meet its burden to demonstrate A.K.'s competency as a witness, the trial court erred by declaring her competent to testify. See State v. Wells, 9th Dist. No. 21149, 2003-Ohio-3162, at ¶ 8 (trial court errs in finding child witness competent without sufficient evidence that it considered eachFrazier factor). Therefore, we sustain appellant's third assignment of error. This error, however, only impacts appellant's conviction for gross sexual imposition.
 {¶ 28} Appellant contends in his second assignment of error that he received ineffective assistance of counsel. Specifically, he contends that his trial counsel was ineffective for failing to object to inadmissible expert testimony that the child had been sexually abused. The expert testimony challenged by appellant related solely to appellant's conviction for gross sexual imposition. Because we have sustained appellant's third assignment of error regarding his conviction for gross sexual imposition, appellant's second assignment of error is moot.
 {¶ 29} Appellant contends in his fourth assignment of error that his conviction is against the manifest weight of the evidence. Because we have sustained appellant's third assignment of error regarding his conviction for gross sexual imposition, we only need to address whether appellant's conviction for disseminating matter harmful to juveniles is against the manifest weight of the evidence. *Page 11 
 {¶ 30} The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. State v. Brindley, 10th Dist. No. 01AP-926, 2002-Ohio-2425, at ¶ 16. When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins (1997),78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Id.
 {¶ 31} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, 10th Dist. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), 10th Dist. No. 01AP-973;State v. Sheppard (Oct. 12, 2001), 1st Dist. No. C-000553. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, 10th Dist. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), 10th Dist. No. 01AP-194. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. *Page 12 State v. Covington, 10th Dist. No. 02AP-245, 2002-Ohio-7037, at ¶ 28;State v. Hairston, 10th Dist. No. 01 AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 32} In order to convict appellant of disseminating matter harmful to juveniles in this case, the state had to prove beyond a reasonable doubt that appellant, with knowledge of its character or content, recklessly provided, exhibited or presented to the child any material or performance that is obscene or harmful to juveniles. R.C. 2907.31(A)(1). The act of masturbating in front of a juvenile constitutes a performance for purposes of this statute. State v. Colegrove (2000),140 Ohio App.3d 306, 313.
 {¶ 33} In support of his manifest weight claim, appellant argues that his ex-wife's testimony was not credible because she did not have sufficient lighting or prospective to see him or his actions; that he would not have given the police the clothes that he wore that night for examination if he had engaged in the alleged sexual activity; and that the state failed to prove that A.K. saw the alleged sexual activity. We find appellant's arguments unavailing.
 {¶ 34} Appellant's ex-wife testified that she saw appellant kneeling on her daughter's bed while A.K. was next to him. She was able to testify in great detail about what appellant was wearing and how he was positioned on the bed. She also described how appellant was masturbating. She stated that a television in the room provided plenty of light for her to see him. Upon witnessing appellant's conduct, she immediately screamed and confronted him. In response, appellant told her that he was just "playing" and "tickling" A.K. The jury heard all of this evidence and obviously determined that appellant's ex-wife observed appellant masturbating in A.K.'s presence, and that A.K. was awake and could see the conduct. We will not second-guess that determination. *Page 13 
 {¶ 35} Lastly, evidence that appellant later gave police the clothes he allegedly was wearing at the time of the alleged conduct (presumably to show the absence of semen) does not cause us to conclude that the jury lost its way. The jury may have reasonably discounted this evidence due to the amount of time that elapsed between the obscene act and when appellant provided the clothing to the police. The jury may also have reasoned that appellant's obscene act may not have resulted in ejaculation, particularly given that appellant's ex-wife interrupted the act and immediately confronted appellant.
 {¶ 36} Appellant's conviction for disseminating matter harmful to juveniles is not against the manifest weight of the evidence, as this is not the exceptional case in which the evidence weighs heavily against the conviction. Appellant's fourth assignment of error is overruled.
 {¶ 37} In conclusion, we overrule appellant's first and fourth assignments of error. We sustain appellant's third assignment of error and his second assignment of error is moot. Accordingly, we affirm appellant's conviction for disseminating matter harmful to juveniles but reverse his conviction for gross sexual imposition and remand the matter for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; and causeremanded.
FRENCH, P.J., and McGRATH, J., concur.
[1] Appellant is not the father of A.K. Appellant and his ex-wife began living together in March 2004 and got married in 2005.
[2] "And then do you remember, for example, what you got for Christmas last year? We talked about a couple of things." (Tr. 25). *Page 1