[Cite as *State v. Bauer*, 2012-Ohio-2457.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 11-CA-93 |
| DEREK BAUER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of Common Pleas, Case No. 11-CR-15


JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     June 4, 2012

APPEARANCES:


For Plaintiff-Appellee                      For Defendant-Appellant


KENNETH W. OSWALT                 ANDREW T. SANDERSON
Licking County Prosecutor           Burkett & Sanderson, Inc.
                                        21 West Church Street
By: TRACY F. VAN WINKLE         Suite 201
Assistant Prosecuting Attorney      Newark, Ohio 43055
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, J.*

{¶1} Defendant-appellant Derek Bauer appeals the August 24, 2011 Judgment of Conviction and Sentence entered by the Licking County Court of Common Pleas, which ordered him to pay restitution in the amount of $7570.00. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶2} On January 10, 2011, the Licking County Grand Jury indicted Appellant on one count of breaking and entering, in violation of R.C. 2911.13(A), a felony of the fifth degree. Appellant appeared before the trial court for arraignment and entered a plea of not guilty to the Indictment. The matter proceeded through the discovery process.

{¶3} On July 5, 2011, Appellant filed a Motion to Continue and Convert, requesting the trial court continue the jury trial scheduled for July 12, 2011, and convert the proceeding to a change of plea and sentencing hearing. Appellant appeared before the trial court on August 24, 2011, withdrew his former plea of not guilty, and entered a plea of guilty to the Indictment. The trial court conducted a Crim. R. 11 colloquy with Appellant, accepted Appellant's plea, and found him guilty of breaking and entering.

{¶4} Prior to imposing sentence upon Appellant, the trial court heard testimony from Luther Stiffler, the son of Jessie Stiffler, the victim; and Deborah Stiffler, the victim's daughter whose wedding rings were also taken, to determine the appropriate amount for restitution purposes. The trial court sentenced Appellant to a twelve month prison term, and ordered him to pay restitution in the amount of $7570.00. The trial court memorialized the sentence and restitution order via Judgment of Conviction and Sentence filed on August 24, 2011.

{¶5} It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

{¶6} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN ORDERING $7,570.00 IN RESTITUTION IN THE INSTANT MATTER."

I

{¶7} Appellant did not object to the trial court's restitution order nor did he object to any of the testimony regarding the value of the items taken; therefore, has waived all but plain error. *State v. Policaro,* 10th Dist. No. 06AP–913, 2007–Ohio–1469, ¶ 6. Under Crim.R. 52(B), plain errors affecting substantial rights may be noticed by an appellate court even though they were not brought to the attention of the trial court. To constitute plain error, there must be: (1) an error, i.e., a deviation from a legal rule, (2) that is plain or obvious, and (3) that affected substantial rights, i.e., affected the outcome of the trial. *State v. Barnes,* 94 Ohio St.3d 21, 27, 2002–Ohio–68. Even if an error satisfies these prongs, appellate courts are not required to correct the error. Appellate courts retain discretion to correct plain errors. Id; *State v. Litreal,* 170 Ohio App.3d 670, 2006–Ohio–5416, ¶ 12. Courts are to notice plain error under Crim .R. 52(B) "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Barnes* (quoting *State v. Long* (1978), 53 Ohio St.2d 91, paragraph three of syllabus).

{¶8} R.C. 2929.18(A)(1) authorizes a trial court to order an offender to pay restitution in an amount based on the victim's economic loss. Specifically, R.C. 2929.18(A)(1) states "the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of

the commission of the offense." The state must prove the amount of this economic loss with competent, credible evidence from which the trial court can calculate the amount of restitution within a reasonable degree of certainty. *State v. Champion,* 10th Dist. No. 05AP–1276, 2006–Ohio–4228, ¶ 7. We will, therefore, examine whether there was competent, credible evidence to support the trial court's order of restitution. *State v. Morgan,* 11th Dist. No.2005–L–135, 2006–Ohio–4166, ¶ 21; *Policaro* at ¶ 8 (affirming restitution amount supported by competent and credible evidence).

{¶9} At the change of plea hearing, the state presented the testimony of Luther Stiffler. Mr. Stiffler enumerated the items taken from his mother's house and the cost to replace those items, as follows:

| | |
|---|---|
| Chainsaws – 4 or 5 | $200-$250/each |
| Riding mower | $150 |
| Push mowers – 3 | $75/each |
| Antique scythes - 3 | $300-400/each |
| Stove | $200 |
| Refrigerator | $200 |
| Catalytic converters – 2 | $30-$35/each |
| Rototiller | $150-$250 |
| Tools | $400-$500 |
| Air compressor | $350 |
| Scrap aluminum | $200 |

{¶10} The state also presented the testimony of Deborah Stiffler. Ms. Stiffler detailed additional items taken from the property, as follows:

| Wedding & engagement rings[1] | $500/each |
| Electric dryer | $50 |
| Windows – 6 | $250/each |
| Ironing board | $20 |
| Bicycles – 5 | $20/each |
| Camper – repair costs | $650 |

{¶11} The total value of the property taken was $6955, on the low end, or $7915, on the high end. The trial court ordered Appellant to pay restitution in the amount of $7570, with $6570 to Jessie Stiffler, and $ 1000 to Deborah Stiffler. Appellant asserts the trial court abused its discretion in arriving at the $7570 figure as the state failed to present any evidence as to the original costs of the items and/or the replacement costs. We disagree.

{¶12} R.C. 2929.18(A)(1) specifically provides "the court may base the amount of restitution it orders on an amount recommended by the victim." *Policaro,* supra, at ¶ 8; *Morgan,* supra, at ¶¶ 26-30. Here, Luther Stiffler and Deborah Stiffler testified as to the value of the items removed from their mother's property. We find the trial court was presented with evidence upon which it could base the amount of restitution it ordered, and did not abuse its discretion in ordering Appellant to pay restitution in the amount of $7,570.

{¶13} Appellant's sole assignment of error is overruled.

---

[1] These items belonged to Ms. Stiffler personally.

{¶14}  Judgment of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee                 :
                                       :
-vs-                                   :                    JUDGMENT ENTRY
                                       :
DEREK BAUER                            :
                                       :
    Defendant-Appellant                :                    Case No. 11-CA-93


For the reasons stated in our accompanying Opinion, the judgment of the Licking

County Court of Common Pleas is affirmed.  Costs to Appellant.



s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS