[Cite as *State v. Fisher*, 2013-Ohio-1045.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 12 CAA 07 0041 |
| ARLIN FISHER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Delaware County Court of
                                Common Pleas, Case No. 12-CR-I-04-0134

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         March 19, 2013

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

CAROL HAMILTON O'BRIEN                  DAVID H. BIRCH
BRIAN J. WALTER                         2 West Winter
Assistant Prosecuting Attorney          Delaware, Ohio 43015
Delaware County Prosecutor's Office
140 North Sandusky Street
Delaware, Ohio 43015

*Hoffman, J.*

{¶1}   Defendant-appellant Arlin Fisher appeals his conviction entered by the Delaware County Court of Common Pleas, on one count of assault of a corrections officer, following a jury trial.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant was incarcerated in the Delaware County Jail at all times relevant to this appeal. At approximately 1:00 a.m. on April 1, 2012, Corrections Officer Robert Quinn received a telephone call from the booking station, advising him Appellant was to be moved to another cell.  At the time, Appellant was housed in an isolated cell in the segregated area of the jail.  The plan was to move Appellant to another cell in the same area, but in which Appellant could be monitored via camera.  C.O. Quinn contacted Appellant using the facility intercom system and advised him he would be moving shortly and to pack his belongings.   Appellant responded over the intercom he was not going to move.

{¶3}   C.O. Quinn walked to Appellant's cell and spoke with him briefly. Appellant, who was lying down on his cot, reiterated his intention not to move that evening.  C.O. Quinn contacted his supervisor, Officer in Charge Stacie Beck.  OIC Beck, First Shift Sargent Etta Jo Sivier, and C.O. Vanness Provitt joined C.O. Quinn at Appellant's cell to assist. Sgt. Sivier contacted central control to open the door to Appellant's cell.  The officers spoke with Appellant and attempted to persuade him to voluntarily move. Appellant refused to comply.

{¶4}   The officers entered the cell and began to collect Appellant's personal belongings.  The officers continued to calmly speak with Appellant, advising him he

needed to get up.  Appellant repeated he was tired of moving and would not do so. C.O. Quinn and C.O. Provitt walked toward Appellant.  As they approached, Appellant raised his arm from underneath the blanket and motioned to the officers he did not intent to move to a different cell that evening. C.O. Quinn grabbed Appellant's wrist and nudged him to get off of the bed.  Appellant moved up from his reclined position and attempted to bite C.O. Quinn. As the officers attempted to subdue Appellant, Appellant continued to try to bite C.O. Quinn.  Appellant also worked his fingernails into C.O. Quinn's forearm, resulting in multiple scratches.  Another corrections officer subdued Appellant with a taser gun.

{¶5}   At trial, C.O. Quinn testified Appellant made multiple attempts to bite him prior to the other officer deploying the taser gun.  Appellant refused to comply with the officer's orders to stop the struggle.  At one point, while both C.O. Quinn and C.O. Provitt were on top of Appellant, OIC Beck was able to place handcuffs on one of Appellant's wrist.  A fifth officer arrived and was able to secure both of Appellant's wrists.  C.O. Provitt, Sgt. Sivier, and OIC Beck corroborated C.O. Quinn's testimony. Sgt. Sivier added Appellant put up such a struggle, she was required to dry stun him with the taser three times before he complied.  Appellant did not require medical attention as a result of the incident.

{¶6}   On April 6, 2012, the Delaware County Grand Jury indicted Appellant on one count of assault of a corrections officer, in violation of R.C. 2903.13(A), a felony of the fifth degree.  The matter proceeded to jury trial on June 14, 2012.  After hearing all the evidence and deliberations, the jury found Appellant guilty.   The trial court sentenced Appellant to ten months in prison.

**{¶7}** It is from this conviction Appellant appeals, raising the following assignments of error:

**{¶8}** "I. THE TRIAL COURT ERRED AND THEREBY DENIED THE APPELLANT DUE PROCESS OF LAW BY OFFERING THE JURY WRONG AND OR MISLEADING INSTRUCTIONS OF THE LAW.

**{¶9}** "II. THE CONVICTION FOR ASSUALT [SIC] WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

**{¶10}** In his first assignment of error, Appellant asserts the trial court erred by offering the jury wrong and/or misleading instructions of law which resulted in a violation of his right to due process.

**{¶11}** Appellant refers to two instances in support of his position. The first alleged error occurred during voir dire when the trial court instructed the jury the crime of assault as charged required a conviction of a crime at the time of the incident. The second alleged error occurred during Appellant's direct examination when the trial court interrupted questioning to offer a partial instruction of the mens rea "knowingly" without providing a proper definition of the term.

**{¶12}** Appellant concedes he failed to object on both occasions; therefore, has waived all but plain error. *State v. Policaro,* 10th Dist. No. 06AP–913, 2007–Ohio–1469, ¶ 6. Under Crim.R. 52(B), plain errors affecting substantial rights may be noticed by an appellate court even though they were not brought to the attention of the trial court. To constitute plain error, there must be: (1) an error, i.e., a deviation from a legal rule, (2) that is plain or obvious, and (3) that affected substantial rights, i.e., affected the

outcome of the trial. *State v. Barnes,* 94 Ohio St.3d 21, 27, 2002–Ohio–68. Even if an error satisfies these prongs, appellate courts are not required to correct the error. Appellate courts retain discretion to correct plain errors. *Id*; *State v. Litreal,* 170 Ohio App.3d 670, 2006–Ohio–5416, ¶ 12. Courts are to notice plain error under Crim.R. 52(B) "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Barnes*, supra (Citation omitted).

**{¶13}** We shall review each instance separately.

**{¶14}** During voir dire, the trial court informed the prospective jurors Appellant was charged with the crime of assault. The trial court continued, "[s]pecifically, that he knowingly caused or knowingly attempted to cause physical harm to Robert Quinn, and that the offense occurred in or on the grounds of a local correctional facility, the victim of the offense is an employee of the local correctional facility, and [Appellant] was convicted of a crime at the time of the incident". Transcript of June 14, 2012 Jury Trial, Vol. I at 10. Appellant contends the trial court's statement was incorrect as R.C. 2903.13 "does not even speak to the prior status of the alleged offender." Appellant's Brief at 8. Appellant concludes the trial court's statement creates in the minds of the jurors "they are dealing with a convicted criminal" from the onset of trial. *Id.*

**{¶15}** Appellant was convicted of R.C. 2903.13(A), which provides: "No person shall knowingly cause or attempt to case physical harm to another." The conviction was a felony of the fifth degree because the offense occurred "in or on the grounds of a local correctional facility, the victim of the offense [was] an employee of the local correctional facility, and the offense [was] committed by a person who is under custody in the facility

subsequent to the person's arrest for any crime, subsequent to the person's being charged with or convicted of any crime." R.C. 2903.13(C)(2)(b).

{¶16} We conclude that no outcome-determinative plain error occurred. The trial court made the statement at the very beginning of trial, before a panel had been seated and before any evidence had been presented. The evidence was subsequently presented to the jury, after which the trial court provided a complete instruction. The judge's shorthand references to legal concepts during voir dire cannot be equated to final instructions given shortly before the jury's deliberations. Additionally, prior to the prospective jury panel entering the courtroom, the trial court questioned defense counsel regarding Appellant's status at the time of the offense. The trial court asked, "So I can take out the other language and say the conviction of a crime?", to which defense counsel responded, "Yes, Your Honor." Tp. Vol. I at 4. Accordingly, any claim of error is meritless under the invited error doctrine.

{¶17} Appellant also challenges a statement made by the trial court while defense counsel was conducting his direct examination. Defense counsel asked Appellant, "Did you deliberately try to injure Corrections Officer Quinn?" The trial court interjected, "I'm going to interrupt. That isn't the issue before the jury. The issue is knowingly cause or attempt to cause, not intentionally."

{¶18} Whether or not the trial court's interjection was appropriate is a question which need not be answered at this time. The trial court's instruction was correct. Additionally, following the presentation of evidence, the trial court again properly and completely instructed the jury. We find no plain error resulted from the trial court's interjection.

**{¶19}** Appellant's first assignment of error is overruled.

II

**{¶20}** In his second assignment of error, Appellant challenges his conviction as against the sufficiency and manifest weight of the evidence.

**{¶21}** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541, 1997–Ohio–52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717. We note "circumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 595 N.E.2d 915, 1992–Ohio–44. It is to be given the same weight and deference as direct evidence. *Jenks,* supra.

{¶22} Specifically, Appellant asserts his conviction for assault, in violation of R.C. 2903.13(C)(2)(b), is against the manifest weight of the evidence as the State failed to established the requisite mens rea of "knowingly". Appellant submits the evidence was unclear as to how the corrections officer received his scratches, and whether those scratches were the result of voluntary or involuntary acts of Appellant.

{¶23} Based upon our review of the record, and as set forth in the Statement of the Facts and Case, supra, we find Appellant's conviction was not against the manifest weight of the evidence or based upon insufficient evidence.

{¶24} C.O. Quinn testified as to the events leading up to his physical altercation with Appellant. Despite repeated requests, Appellant would not get out of bed and move to a different cell. When C.O. Quinn tried to nudge Appellant off his bed, Appellant tried to bite the officer. Appellant continued his attempts to bite the officer until he was tased by other jail officials. C.O. Quinn also suffered scratches on his forearm caused by Appellant.

{¶25} Appellant's second assignment of error is overruled.

{¶26} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ARLIN FISHER | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12 CAA 07 0041 |

For the reasons stated in our accompanying Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer
HON. SHEILA G. FARMER