[Cite as *State v. Messer*, 2014-Ohio-5741.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                               :

    Plaintiff-Appellee,              :           CASE NO.   CA2014-02-056

                                     :           O P I N I O N
- vs -                                                   12/30/2014

                                     :

SHONA MESSER,                                :

    Defendant-Appellant.             :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-07-1137


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher P. Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant


    **RINGLAND, P.J.**

    {¶ 1}   Defendant-appellant, Shona Messer, appeals a decision of the Butler County Court of Common Pleas revoking her community control and imposing a prison term.

    {¶ 2}   On September 11, 2013, appellant was indicted on three counts of trafficking in heroin in violation of R.C. 2925.03(A)(1).  Appellant subsequently pled guilty to two counts and the third was merged.

{¶ 3} On November 2, 2013, appellant was sentenced to five years of community control. As a condition of her community control, appellant was ordered to comply with the requirements of the Substance Abuse and Mental Illness Program.

{¶ 4} On January 2, 2014, appellant's probation officer, Sarah Lister, filed a notice of alleged violations after appellant admitted to the continued use of marijuana. Following a hearing on January 8, 2014, appellant was continued on community control and ordered to serve 30 days in jail.

{¶ 5} On January 31, 2014, Lister filed another notice of alleged violations. Lister testified that appellant continued to test positive for marijuana while in jail, with the most recent positive test occurring on January 29, 2014. As a result, the trial court scheduled a revocation of community control hearing for February 12, 2014.

{¶ 6} At the February 12, 2014 hearing, the trial court acknowledged that appellant could continue to test positive for marijuana 30 days after she last smoked. Accordingly, the trial court ordered that appellant be tested again during a recess as the last positive test fell within 30 days of appellant's incarceration. The trial court took a recess during which appellant was tested. Following the recess, it was revealed that appellant's urine test returned a presumptive positive. At appellant's request, the results were sent to the lab for evaluation. The trial court continued the hearing in progress until February 26, 2014 while awaiting the lab results.

{¶ 7} At the February 26, 2014 hearing, the trial court heard evidence and reviewed the results of the lab report. The lab results showed appellant had a THC level of 68 nanograms in her system at the time of the February 12, 2014 test. In her defense, appellant called corrections officer Sierra Lambert to testify that she spoke to appellant daily during her incarceration and did not witness appellant in possession of marijuana, nor did she smell anything to cause her to believe appellant was smoking. Appellant then testified that she

smoked marijuana daily prior to her incarceration. She testified that she smoked up to two ounces of marijuana each day.

{¶ 8} After considering the evidence, the trial court found appellant in violation of her community control and sentenced her to 18 months in prison.

{¶ 9} Appellant appeals that decision, raising a single assignment of error for review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING THAT APPELLANT VIOLATED A TERM OF HER COMMUNITY CONTROL BECAUSE THE APPELLEE STATE OF OHIO FAILED TO PRESENT SUBSTANTIAL EVIDENCE TO SUPPORT ITS CLAIM OF A COMMUNITY CONTROL VIOLATION AND BECAUSE SUCH A FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 12} A community control revocation hearing is not a criminal trial; consequently, the state is not required to establish a violation of the terms of community control "beyond a reasonable doubt." *State v. Payne*, 12th Dist. Warren No. CA2001-09-081, 2002-Ohio-1916, ¶ 18, citing *State v. Hylton*, 75 Ohio App.3d 778 (4th Dist.1991); *State v. Tranter*, 12th Dist. Clermont No. CA2000-05-035, 2001 WL 290192 (Mar. 26, 2001). Rather, "the quantum of evidence required to establish a violation and revoke a community control sanction must be substantial." *Id.*, citing *Hylton* at 782; *Tranter* at 7. A trial court's decision finding a violation of community control will not be disturbed on appeal absent an abuse of discretion. *Id.*; *Payne* at ¶ 18. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 13} Ohio courts have likened this substantial evidence standard to that of "some competent, credible evidence" as set out in *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. See *State v. Alexander*, 3d Dist. Union No. 14-07-45, 2008-Ohio-

1485, at ¶ 8; *State v. Belcher*, 4th Dist. Lawrence No. 06CA32, 2007-Ohio-4256, at ¶ 12; *State v. King*, 5th Dist. Stark No. 2007CA00050, 2007-Ohio-6176, at ¶ 12; *State v. Winter*, 7th Dist. Monroe No. 791, 1999 WL 260900 (Apr. 27, 1999); *State v. Soke*, 11th Dist. Lake No. 88-L-13-133, 1989 WL 92112 (Aug. 11, 1989).

{¶ 14} In the present case, appellant tested positive for marijuana 41 days after she was incarcerated. Appellant's counsel acknowledged that a person would generally only test positive for 30 days after having last smoked. Here, appellant not only tested positive 41 days later, she tested positive at a level of 68 nanograms. Appellant's counsel stated that the minimum level for marijuana-based OVI is 25 nanograms. Thus, appellant tested positive for nearly three times the minimum level for an OVI after 41 days of incarceration. Accordingly, we find that there was substantial evidence that appellant continued to ingest marijuana while incarcerated and that the trial court did not abuse its discretion in finding a violation of community control.

{¶ 15} In light of the foregoing, having found that there was substantial evidence that appellant violated the conditions of her community control, appellant's sole assignment of error is overruled.

{¶ 16} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.