[Cite as *State v. Baldwin*, 2016-Ohio-5476.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO, :

    Plaintiff-Appellee, :

    - vs -

WENDY L. BALDWIN, :

    Defendant-Appellant. :

CASE NOS. CA2015-10-082
CA2015-10-086

O P I N I O N
8/22/2016


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2015 CR 00355


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Michaela M. Stagnaro, 810 Sycamore Street, 6th Floor, Cincinnati, Ohio 45202, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Wendy Baldwin, appeals from the Clermont County Court of Common Pleas decision sentencing her to serve 24 months in prison. For the reasons outlined below, we affirm in part, reverse in part, and remand for further proceedings.[1]

{¶ 2} On June 18, 2015, Baldwin was charged with theft of an elderly person and

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for purposes of issuing this opinion.

misuse of a credit card. Baldwin pled guilty and was sentenced to five years of community control. She did not file an appeal. The conditions of community control were listed in the sentencing entry, and required, among other things, that Baldwin follow her probation officer's instructions, participate in and successfully complete drug treatment, and refrain from consuming illegal drugs.

{¶ 3} While that action was pending, Baldwin was charged with one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041, a third-degree felony. Baldwin pled guilty on September 2, 2015 and the matter was scheduled for a sentencing hearing.

{¶ 4} On September 29, 2015, the trial court was notified that Baldwin had allegedly violated her community control obligations by failing to participate in treatment and counseling, abusing illegal drugs, and failing to follow verbal or written instructions issued by the probation officer. Baldwin's probation officer testified that Baldwin had been sent to outpatient treatment, but was unsuccessfully discharged from that program because she provided a drug screen testing positive for morphine, a metabolite of heroin. The outpatient treatment facility recommended that Baldwin be sent to a higher level of treatment facility for her drug addiction. Following the hearing, the trial court found Baldwin in violation of her community control obligations.

{¶ 5} On October 14, 2015, the trial court sentenced Baldwin in both cases. In the first case the trial court revoked Baldwin's community control and ordered her to serve two concurrent 12-month sentences. Those sentences were ordered to run concurrently to a 24-month prison term imposed in the second case for illegal assembly. Baldwin now appeals from the trial court's decision, raising two assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED AS A MATTER OF LAW BY REVOKING

- 2 -

APPELLANT'S COMMUNITY CONTROL SANCTION.

{¶ 8} In her first assignment of error, Baldwin argues the trial court erred by revoking her community control sanction. In so doing, Baldwin acknowledges that the probation officer alleged three violations of her community control, but all of those violations stem from one incident, the positive drug screen. Baldwin maintains that relapse is a part of the recovery process and she should have been provided with other opportunities to maintain sobriety and enter a different treatment program. Baldwin also argues that the positive drug screen may have been the result of drugs consumed before the imposition of community control. We find no merit to Baldwin's argument.

{¶ 9} As a revocation hearing is not a criminal trial, the state does not need to prove a violation beyond a reasonable doubt. *State v. Messer*, 12th Dist. Butler No. CA2014-02-056, 2014-Ohio-5741, ¶ 12. Whether an offender can remain on community control depends on compliance with the community control conditions and is a decision that rests "within the sound discretion of the court." *State v. Wolpert*, 12th Dist. Butler No. CA2006-10-244, 2007-Ohio-4734, ¶ 10.

{¶ 10} A trial court's decision revoking community control may only be reversed if the trial court abused its discretion. *State v. Haley*, 12th Dist. Butler No. CA2012-10-212, 2013-Ohio-4531, ¶ 7. "[A] trial court does not abuse its discretion in revoking community control when the offender is on notice that successful participation in a particular program is a requirement of the community control and the offender is unsuccessfully discharged from the program." *State v. Bishop*, 12th Dist. Clermont No. CA2010-08-054, 2011-Ohio-3429, ¶ 11.

{¶ 11} After reviewing the record, we find the trial court did not abuse its discretion by revoking Baldwin's community control. The record reflects that Baldwin was removed from the less restrictive outpatient treatment facility because she tested positive for morphine, a metabolite of heroin. Despite Baldwin's arguments to the contrary, any violation of

community control conditions may properly be used to revoke the privilege. The trial court heard evidence that Baldwin had engaged in conduct that directly resulted in her termination from the treatment facility and appropriately considered that testimony in revoking community control and imposing a prison term. As such, we find that the trial court did not abuse its discretion in revoking Baldwin's community control. Baldwin's first assignment of error is without merit and overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY SENTENCING APPELLANT.

{¶ 14} In her second assignment of error, Baldwin alleges a number of errors with respect to the sentence imposed after her community control was revoked and the sentence imposed for illegal assembly. As previously noted, the trial court revoked Baldwin's community control and sentenced her to serve concurrent 12-month sentences for theft of an elderly person and misuse of a credit card. The sentences were ordered to run concurrent with the 24-month prison term imposed for illegal assembly.

## 2015 CR 00375: Illegal Assembly

{¶ 15} We will first address Baldwin's arguments with respect to the sentence imposed for illegal assembly. Baldwin argues that there is a lesser likelihood of recidivism in this case and the trial court's sentence is contrary to law. We find no merit to Baldwin's arguments.

{¶ 16} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing as set forth in R.C. 2929.11,

- 4 -

as well as the seriousness and recidivism factors listed in R.C. 2929.12, and sentences a defendant within the permissible statutory range. *State v. Brandenburg*, 12th Dist. Butler Nos. CA2014-10-201 and CA2014-10-202, 2016-Ohio-4918, ¶ 9.

{¶ 17} We find Baldwin's sentence on the illegal manufacture conviction is not clearly and convincingly contrary to law. Baldwin's sentence was within the permissible statutory range and the record reflects the trial court considered all relevant seriousness and recidivism factors set forth in R.C. 2929.11 and R.C. 2929.12. The trial court's sentencing decision is supported by the record and not contrary to law.

{¶ 18} Baldwin also alleges the trial court failed to notify her during sentencing that she was forbidden from taking drugs and required to submit to random drug testing, that the trial court failed to notify her of the requirement to submit to DNA testing, and that she may or may not be eligible for earned days of credit.

{¶ 19} However, as this court has previously stated, a trial court's failure to direct a defendant not to ingest drugs and that the defendant would be subject to random drug and DNA testing amounts to harmless error because the statutory sections directing a trial court to so advise do not confer any substantive rights on a defendant. *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 16. Instead, these requirements were not intended to benefit the defendant, but rather to facilitate the state in maintaining a DNA database and to "facilitate the drug testing of prisoners in state institutions by discouraging defendants who are sentenced to prison from using drugs." *State v. Chisenhall*, 12th Dist. Clermont Nos. CA2015-07-055 and CA2015-07-063, 2016-Ohio-999, ¶ 38.

{¶ 20} Similarly, Baldwin argues that the trial court erred by failing to inform her that she may have been eligible to earn days of credit pursuant to R.C. 2967.193(A). But while this statute provides that certain offenders are eligible to earn days of credit, it imposes no requirement on a trial court to give such a notification to a defendant at sentencing. *State v.*

*Taylor*, 1st Dist. Hamilton No. C-150488, 2016-Ohio-4548, ¶ 7. Former R.C. 2929.14(D)(3) required that a trial court inform a defendant at sentencing about the defendant's eligibility to earn jail time credit, but that provision was removed from Ohio's criminal code as of September 20, 2012. *Chisenhall* at ¶ 38. Accordingly, we conclude that Baldwin's arguments with respect to alleged errors in her sentence for illegal assembly are without merit.

### 2015 CR 00355: Revocation of Community Control

{¶ 21} The state concedes error with respect to a portion of sentencing after the community control violation and asks this court to remand the matter for resentencing. The state agrees the trial court did not make the required finding under R.C. 2929.13(E)(2) and, after review, we agree that such a determination was not made on the record. Therefore, we remand this matter for findings with respect to R.C. 2929.13(E)(2).

{¶ 22} We note that Baldwin raises an additional issue related to the revocation of community control. Baldwin challenges the sentence on the basis that her theft and misuse of credit card convictions should have been merged. However, Baldwin is foreclosed from challenging that issue, as the proper time to challenge the merger issue was through the direct appeal of those convictions.[2] As this court has previously noted, questions concerning the validity of a sentencing entry or matters pertaining thereto should be raised on a direct appeal of that particular entry, and not through a collateral attack of the revocation of community control. *State v. Dodson*, 12th Dist. Butler No. CA2011-02-034, 2011-Ohio-6347, ¶ 9 ("the time to challenge a conviction based on allied offenses is through a direct appeal"). Accordingly, Baldwin's argument with respect to the merger of those convictions is not well-taken.

---

2. Despite the fact that Baldwin was not given a prison term, the imposition of community control was still a valid sentence. Baldwin could have appealed the merger issue at that time.

**Conclusion**

{¶ 23}   In conclusion, we find Baldwin's second assignment of error has merit, only to the extent that trial court failed to make the required finding under R.C. 2929.13(E)(2) at the sentencing hearing and we remand this matter for resentencing on the offenses for which community control was revoked.   In all other respects, this matter is affirmed.

{¶ 24}   Judgment affirmed in part, reversed in part, and remanded to the trial court.

PIPER, P.J., and HENDRICKSON, J., concur.