[Cite as *State v. Day*, 2022-Ohio-1954.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210503 |
| | | TRIAL NO. B-1905208 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| | : | |
| ERIC DAY, | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 10, 2022


*Joseph T. Deters,* Hamilton County Prosecutor, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Matthew S. Schuh*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}    Defendant-appellant Eric Day found himself in the wrong place at the wrong time.  As police investigated another matter, they happened upon Mr. Day, who had keys in his pocket to a car brimming with drugs, and his nearby apartment held a cache of guns and drugs.  Based on this development, the trial court revoked his community control and imposed a 12-month prison sentence, which Mr. Day now appeals.  He insists that the trial court abused its discretion by finding that he violated the terms of his community control and alleges a deprivation of his right to due process at the revocation hearing.  We, however, see things differently and affirm the judgment of the trial court for the reasons explained below.

I.

{¶2}    In February 2020, Mr. Day was convicted of having a weapon while under disability and sentenced to three years of community control.  Eighteen months later, Mr. Day was arrested after a search of his apartment revealed drugs and firearms.  His probation officer filed a community control violation complaint, alleging that Mr. Day violated Rules 1, 3, 4, and 10 of community control.  Mr. Day pled no contest to the alleged violations of Rules 1 and 10 and not guilty to the alleged violations of Rules 3 and 4.  Rule 3 provides "I will not possess or carry a firearm or other lethal weapon," whereas Rule 4 provides "I will not illegally obtain or use controlled substances."

{¶3}    At the community control revocation hearing, Mr. Day's probation officer testified that officers found him on the premises during an electronic-monitoring-unit search unrelated to him.  The search revealed a Mercedes Benz containing a large stash of marijuana and three-quarters of a brick of fentanyl.  Mr. Day, seated in an adjacent vehicle when the officers searched the Mercedes, insisted that he did not own the Mercedes, although he had the keys to it on his person.  Further scrutiny revealed that he had a collection of keys that went to all of the vehicles and apartment units on the premises.

{¶4} The officers subsequently decided to search Mr. Day's apartment. Before they entered the apartment unit, they handed the collection of keys to Mr. Day's son so that he could restrain the dogs in the residence. Mr. Day's probation officer testified that the collection of keys included a master key initially, but that it had vanished by the time Mr. Day's son returned the keys to the officer.

{¶5} As the officers entered the apartment, they found it in a state of disarray. The testifying officer could "make out [that] there was one bed, but no more than one bed." The officer testified that "there were no belongings to anybody else other than [Mr. Day]." And although "[Mr. Day's son] tried to say it was his apartment * * * the landlord says it is not his son's apartment."

{¶6} While searching the apartment, the officers observed drugs in the living room and dining room of the residence. Then the officers discovered a padlocked closet in the bedroom (that the now-missing master key would have unlocked). After obtaining a search warrant, the officers broke the lock and discovered four rifles, two revolvers, two semi-automatic pistols, and one shotgun in the closet.

{¶7} In the aftermath of this search, indictments followed for Mr. Day's son for possession of those weapons and an unidentified third-party for possession of the drugs in the vehicle. Although Mr. Day managed to avoid indictments for the guns and drugs, the state maintained that his access to the drugs and weapons sufficed to violate the terms of his community control.

{¶8} At the conclusion of the hearing, the trial court found that Mr. Day violated Rules 1, 3, 4, and 10 of community control, and thus revoked community control and imposed a 12-month sentence. The trial court reasoned that "with respect to Rules 3 and 4 * * * I find [him] guilty of both of those violations. It is his apartment. * * * The weapons were in his apartment. He had access to them. It does appear that he had a key for the closet, although

he did not have that key. Appears he had access [or] control over the vehicle that contained the large amount of drugs. That is a violation of the rules of his probation."

**{¶9}** Mr. Day now appeals, arguing that the trial court's findings were unsupported by substantial evidence and alleging deprivation of his right to due process.

II.

**{¶10}** Mr. Day's first assignment of error challenges the trial court's finding that he violated Rules 3 and 4 of community control. "A community-control-revocation hearing is not a criminal trial, and the state is not required to establish a violation of the terms of community control beyond a reasonable doubt." *State v. Richardson*, 1st Dist. Hamilton Nos. C-200288 and C-200289, 2021-Ohio-3362, ¶ 22, citing *State v. Messer*, 12th Dist. Butler No. CA2014-02-056, 2014-Ohio-5741, ¶ 12. The state must present "substantial" evidence to establish a violation of community control. *Id.* We will not disturb the trial court's decision to revoke community control absent an abuse of discretion. *Id.*

**{¶11}** Mr. Day posits that the trial court abused its discretion by finding that he violated the terms of community control for two reasons. First, Mr. Day insists that he could not violate Rules 3 and 4 by possessing firearms and drugs when other individuals were charged with possession of those same firearms and drugs. Mr. Day seems to suggest that multiple individuals cannot simultaneously be in possession of the same contraband. To the contrary, "multiple individuals may constructively possess a particular item of contraband simultaneously, as constructive possession may be individual or joint." *State v. Cook,* 10th Dist. Franklin No. 19AP-353, 2020-Ohio-2844, ¶ 39, citing *State v. Sherfey*, 5th Dist. Fairfield No. 13-CA-37, 2014-Ohio-1717, ¶ 34.

**{¶12}** Second, Mr. Day seizes on the fact that the trial court merely found that he had "access" to firearms and drugs, and did not expressly state that he "possess[ed]" the firearms

under Rule 3 or "obtain[ed]" the drugs under Rule 4. According to Mr. Day, although possession of firearms or drugs would violate community control, mere "access" to firearms/drugs does not run afoul of the terms of community control. But Ohio courts have held that "access" to contraband may be sufficient to establish constructive possession of that contraband. *State v. Butler*, 42 Ohio St.3d 174, 176, 538 N.E.2d 98 (1989) ("To constitute possession, it is sufficient that the defendant has constructive possession, meaning immediate access to the weapon."); *State v. Fleming*, 2d Dist. Clark No. 2014-CA-136, 2015-Ohio-5382, ¶ 26 ("Constructive possession can be established by the fact that an individual had access to the gun and the ability to control its use."). Thus, on the record at hand, we find that Mr. Day's access to firearms and drugs was sufficient to constitute a violation of his community control.

{¶13} Accordingly, Mr. Day has not shown that the trial court abused its discretion when it determined that he had violated Rules 3 and 4 of community control, and we overrule his first assignment of error.

III.

{¶14} Mr. Day's second assignment of error alleges that the trial court violated his due process rights by depriving him of an opportunity to be heard and present evidence at the community control revocation hearing. But Mr. Day failed to raise this issue below, which limits our review to plain error. Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

{¶15} Due process requires that the trial court afford the defendant an opportunity to present evidence at trial. *See State v. Litreal*, 170 Ohio App.3d 670, 2006-Ohio-5416, 868 N.E.2d 1018, ¶ 17 (4th Dist.) (holding that the trial court plainly deprived the defendant of an opportunity to present evidence when the trial court found him guilty before the state rested its case and while the defendant's oral Crim.R. 29 motion for acquittal was pending). Here,

Mr. Day maintains that he was deprived of his opportunity to be heard and present evidence because the trial court did not ask him whether he had any evidence that he wished to present at the revocation hearing. That is, after excusing the state's witness, the trial court asked if there was "any argument you want to make?" Both the prosecutor and defense counsel proceeded to give closing arguments. Defense counsel never indicated that he intended to introduce evidence on behalf of Mr. Day (nor did counsel proffer any evidence). The trial court subsequently found Mr. Day guilty of violating Rules 1, 3, 4, and 10 without inquiring whether Mr. Day wished to introduce any evidence.

{¶16} Without any proffer of evidence, we can only speculate what evidence Mr. Day would have advanced and whether it would have impacted the trial court's decisional calculus. *See, e.g., Howell v. Howell,* 10th Dist. Franklin No. 04AP-436, 2005-Ohio-2798, ¶ 16 (" At the hearing of April 20, 2004, * * * no party or their counsel sought to introduce testimony or other evidence. * * * Absent any proffer of evidence by defendant, we cannot conclude that the trial court deprived defendant of an opportunity to present evidence in support of his contentions."). Under these circumstances, we cannot conclude that the trial court committed plain error by revoking community control without asking Mr. Day whether he wished to present evidence. We accordingly overrule Mr. Day's second assignment of error.

\*      \*      \*

{¶17} In light of the foregoing, we overrule both of Mr. Day's assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**MYERS, P. J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.