[Cite as *State v. Fletcher*, 2026-Ohio-669.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 30458 |
| Appellee | : | |
| | : | Trial Court Case No. 2025 CR 00271 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| DIONA MICHIELA FLETCHER | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on February 27, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

LEWIS, P.J., and EPLEY, J., concur.

MICHAEL MILLS, Attorney for Appellant
ANDREW T. FRENCH, Attorney for Appellee

HUFFMAN, J.

**{¶ 1}** Diona Michiela Fletcher appeals from a judgment entry revoking her community control sanctions and imposing sentence. For the reasons that follow, the judgment of the trial court is affirmed.

### Facts and Procedural History

**{¶ 2}** On February 12, 2025, Fletcher was indicted on one count of failure to comply with an order or signal of a police officer (serious physical harm/substantial risk), one count of failure to comply (fleeing felony), and one count of obstructing official business. On March 12, 2025, Fletcher entered guilty pleas to failure to comply (serious physical harm/substantial risk) and obstructing official business. In exchange, the remaining count of failure to comply was dismissed. At disposition on March 26, 2025, the court imposed community control sanctions for a period not to exceed five years, which included completion of the MonDay Program.

**{¶ 3}** On April 7, 2025, a notice of revocation of community control sanctions was issued. It stated that on April 1, 2025, Fletcher was removed from the MonDay Correctional Institution after allegedly assaulting an employee there. A community control violation hearing followed where Fletcher admitted to violating her community control sanctions.

**{¶ 4}** On April 24, 2025, the trial court issued a judgment entry of conviction merging Fletcher's underlying offenses and noting that the State elected to proceed to sentencing on failure to comply. The court imposed a sentence of 12 months. On Saturday, April 26, 2025,

the court held another hearing, noting that "we had a question, in my mind, of merger, and I think we continued the matter for a week to allow [defense counsel] an opportunity to look into that." Defense counsel advised the court that Fletcher wanted to make a record that the issue of merger was not addressed when she pled guilty to failure to comply and obstructing official business. The court advised Fletcher as follows:

I am merging Count III into Count I, meaning you are not required to serve a sentence on Count III, only Count I. I'm giving you the minimum sentence on Count I. And I'm terminating the other case completely so that I am treating you, effectively, as though Count III never existed.

. . . I'll state for the record right now that I'm confident that at the time of the plea, I did not discuss merger of the counts because merger only becomes important at the time of sentencing. It is not important at the time of a plea, particularly when you're going on community control, and it's of even less importance when the case is being resolved, as it is here, where you are not in any way, shape, or form being penalized.

You are being given the benefit of merger, not the detriment of merger, the benefit of merger. And so I've said it for the record. The record is preserved. If you think you need to appeal that, well, that's fine.

Fletcher filed a timely notice of appeal.

**Assignment of Error and Analysis**

{¶ 5} Fletcher asserts one assignment of error. She argues that the trial court failed to comply with Crim.R. 11(C) in failing to advise about merger when taking her pleas to failure to comply and obstructing official business. She asks us to reverse and vacate her conviction. The State responds that in the absence of a transcript of Fletcher's plea hearing,

3

we must presume regularity of the proceedings at issue, and further that the trial court is not obligated to address the issue of merger in the course of plea proceedings.

{¶ 6} Under R.C. 2941.25(A), Ohio's multiple count statute, if the same conduct can constitute two or more allied offenses of similar import, "the defendant may be convicted of only one." Ohio law mandates that the merger of allied offenses occurs at sentencing. *State v. Rogers*, 2015-Ohio-2459, ¶ 18.

{¶ 7} In *State v. Baldwin*, 2016-Ohio-5476 (12th Dist.) the court held that merger challenges must be raised on direct appeal, not through a collateral attack during community control revocation proceedings. Like Fletcher, Baldwin entered guilty pleas to two offenses, theft and misuse of a credit card, and she was sentenced to community control sanctions for five years. *Id.* at ¶ 2. She did not appeal. *Id.*

{¶ 8} Baldwin subsequently pled guilty to a drug abuse offense (a violation of R.C. 2925.041) in a separate matter, and following a hearing, the court determined that she violated the terms of her community control sanctions. *Id.* at ¶ 3-4. At the disposition of both cases, the court revoked Baldwin's community control and imposed two consecutive 12-month sentences for theft and misuse of a credit card, to be served consecutively to a 24-month term for the drug abuse offense. *Id.* at ¶ 5.

{¶ 9} On appeal, Baldwin challenged her sentence, arguing that her initial offenses should have been merged. *Id.* at ¶ 22. In finding that she was "foreclosed from challenging that issue" because the proper time to do so was "through the direct appeal of those convictions," the court noted that "[d]espite the fact that Baldwin was not given a prison term, the imposition of community control was still a valid sentence. Baldwin could have appealed the merger issue at the time." *Id.* at ¶ 22, fn. 2. The same is true here; "questions concerning the validity of [Fletcher's initial] sentencing entry or matters pertaining thereto should [have

4

been] raised on a direct appeal of that particular entry, and not through a collateral attack of the revocation of community control." *Id.* at ¶ 22, citing *State v. Dodson,* 2011-Ohio-6347, ¶ 9 (12th Dist.) ("the time to challenge a conviction based on allied offenses is through a direct appeal").

{¶ 10} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Dodson* at ¶ 9, citing *State v. Carter*, 2011-Ohio-414, ¶ 7 (12th Dist.), and *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "In turn, the time to challenge a conviction based on allied offenses is through a direct appeal." *Id.*

{¶ 11} Res judicata bars Fletcher's claims, which relate to her plea and original sentencing. Based on the foregoing, her assignment of error is overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and EPLEY, J., concur.

5