[Cite as *State v. Jennings*, 2026-Ohio-1679.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-60 |
| Appellee | : | |
| | : | Trial Court Case No. 94-CR-611 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| KIRK P. JENNINGS II | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 8, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

LEWIS, P.J., and TUCKER, J., concur.

KIRK P. JENNINGS II, Appellant, Pro Se
JOHN M. LINTZ, Attorney for Appellee

HANSEMAN, J.

{¶ 1} Appellant Kirk P. Jennings II appeals pro se from a judgment of the Clark County Common Pleas Court that overruled his motion to vacate sentence. Jennings claims that the trial court erred by failing to merge various offenses and firearm specifications for which he was found guilty in 1995, and by failing to grant his motion to vacate sentence on that basis. Because the merger argument raised in Jennings' motion is barred by the doctrine of res judicata, the trial court's judgment overruling the motion is affirmed.

**Facts and Course of Proceedings**

{¶ 2} On October 19, 1994, a Clark County grand jury returned an indictment charging Jennings with aggravated burglary, kidnapping, having weapons while under disability, and two counts of felonious assault. Except for the count of having weapons while under disability, each of the indicted counts included a three-year firearm specification. The two counts of felonious assault also included specifications indicating that the intended victims were police officers. Jennings pleaded not guilty to the indicted charges, and the matter proceeded to a jury trial. The jury found Jennings guilty as charged in the indictment.

{¶ 3} When sentencing Jennings, the trial court imposed consecutive prison terms for his offenses, which yielded an aggregate indefinite sentence of a minimum term of 43 years to a maximum term of 105 years in prison. The trial court did not merge any of the offenses, but it did merge the firearm specifications attached to the aggravated robbery and kidnapping counts. The trial court imposed a total prison term of 9 years for all of the firearm

2

specifications and ordered the 9-year prison term to be served prior and consecutively to the indefinite sentence imposed for Jennings' offenses. In its sentencing entry, the trial court recognized that the law at the time limited the aggregate prison terms to a minimum term of 15 years of actual incarceration to a maximum term of 105 years, plus the 9-year term for the firearm specifications.

{¶ 4} In April 1995, Jennings appealed from his convictions and raised four assignments of error for review. Under his first assignment of error, Jennings argued that his kidnapping conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. Under his second assignment of error, Jennings argued that he should have been sentenced for second-degree-felony kidnapping, as opposed to first-degree-felony kidnapping, because he claimed that he had released the victim in a safe place unharmed. Under his third assignment of error, Jennings argued that the trial court committed plain error when it failed to instruct the jury on the lesser-included offenses of abduction and unlawful restraint. Finally, under his fourth assignment of error, Jennings argued that his trial counsel provided ineffective assistance by failing to file a motion to suppress, failing to request certain jury instructions, and failing to have him plead guilty to having weapons while under disability. Upon review, this court overruled all of Jennings' assignments of error and affirmed his convictions. *See State v. Jennings*, 1996 WL 27850 (2d Dist. Jan. 24, 1996).

{¶ 5} After his appeal, Jennings filed motions for judicial release in 2004 and 2006, which the trial court overruled. In 2007, Jennings filed a motion to review sentencing in which he argued that his sentence should have been determined by a jury instead of a judge and that his prison terms should have been ordered to run concurrently as opposed to consecutively. The trial court overruled that motion as well. In 2019, Jennings was released

3

on parole, which he violated in 2022 when he was charged with and convicted of failing to comply with the order or signal of a police officer. *See* Clark C.P. No. 22 CR 0150.

{¶ 6} On June 10, 2025, Jennings filed the pro se motion to vacate sentence that is the subject of this appeal. In the motion, Jennings argued that the offenses for which he was sentenced in 1995 equated to a "single transaction" for which he should have received one sentence of 10 to 25 years in prison, plus one 3-year sentence for all the firearm specifications. In other words, Jennings argued that the trial court should have merged his offenses as allied offenses of similar import, as well as all of his firearm specifications.

{¶ 7} On July 18, 2025, the trial court issued an entry denying Jennings' motion to vacate sentence on grounds that his claims were barred by the doctrine of res judicata. Jennings now appeals from that decision and raises a single assignment of error for review.

**Assignment of Error**

{¶ 8} Under his assignment of error, Jennings claims that the trial court erred by failing to vacate his sentence for the reasons set forth in his motion to vacate sentence. Upon review, we find that the trial court correctly concluded that the merger claims raised in Jennings' motion are barred by the doctrine of res judicata.

{¶ 9} "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). In other words, "[r]es judicata precludes any issue that was raised or could have been raised in a criminal defendant's prior appeal from his conviction or any other final appealable order." *State v. Frazier*, 2021-Ohio-4155, ¶ 14 (2d Dist.), citing *State v. Miller*, 2021-Ohio-232, ¶ 21

4

(2d Dist.), and *Perry*. "[R]es judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 2006-Ohio-1245, ¶ 18.

{¶ 10} "We have consistently held that a defendant must raise the merger of allied offenses of similar import on direct appeal or it is barred by res judicata." *Id.* at ¶ 15, citing *State v. Taylor*, 2019-Ohio-1376, ¶ 21-22 (2d Dist.) (defendant barred by res judicata from raising allied offense argument in post-conviction motion when he failed to raise allied offenses on direct appeal); *State v. Perkins*, 2016-Ohio-4581, ¶ 7 (2d Dist.). Accordingly, "'the time to challenge a conviction based on allied offenses is through a direct appeal.'" *State v. Fletcher*, 2026-Ohio-669, ¶ 10 (2d Dist.), quoting *State v. Baldwin*, 2016-Ohio-5476, ¶ 22 (12th Dist.).

{¶ 11} Res judicata also applies to claims involving firearm specifications, including claims about whether firearm specifications should merge. *State ex rel. Rodriguez v. Barker*, 2019-Ohio-4155, ¶ 14 (finding that a sentencing issue pertaining to a firearm specification was barred by res judicata because it was not raised in appellant's direct appeal); *State v. Beal*, 2016-Ohio-3271, ¶ 21-22 (2d Dist.) (applying res judicata to sentencing issues concerning a firearm specification); *State v. Orr*, 2014-Ohio-501, ¶ 7 (8th Dist.) (finding that the issue of whether two firearm specifications should merge was barred by res judicata because the issue could have been raised in appellant's direct appeal but was not).

{¶ 12} In this case, Jennings could have challenged the trial court's failure to merge his offenses and firearm specifications 30 years ago when he filed his direct appeal in 1995. Jennings, however, failed to do so. He also did not raise the merger issue in his 2007 motion to review sentencing. In that motion, Jennings challenged the consecutive nature of his sentences, which is an entirely different concept. Under these circumstances, Jennings'

5

claim that the trial court should have merged his offenses and firearm specifications is barred by the doctrine of res judicata. Therefore, his motion to vacate sentence was properly overruled by the trial court on that basis.

{¶ 13} Jennings' assignment of error is overruled.

## Conclusion

{¶ 14} Having overruled Jennings' assignment of error, the judgment of the trial court denying his motion to vacate sentence is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and TUCKER, J., concur.